# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

       *Plaintiff*,

       v.

DOUGLASS MACKEY,

       *Defendant*.

**21-CR-80 (NGG)**

## Defendant Douglass Mackey's Memorandum of Law in Support of His Motion for a Bill of Particulars

# Table of Contents

**INTRODUCTION** .................................................................................................... - 1 -

**BACKGROUND** ...................................................................................................... - 4 -

**2016** ........................................................................................................................... - 6 -

**2017** ........................................................................................................................... - 7 -

**2018** ........................................................................................................................... - 8 -

**2021** ........................................................................................................................... - 8 -

**CRIMINAL COMPLAINT** ................................................................................... - 9 -

**INDICTMENT** ...................................................................................................... - 10 -

**LOCAL CRIMINAL RULE 16.1 CONFERENCE** .............................................. - 11 -

**ARGUMENT** ........................................................................................................ - 11 -

**I.     THE INDICTMENT VIOLATES THE FIFTH AND SIXTH AMENDMENTS** .... - 14 -

**II.    THE COURT SHOULD ORDER A BILL OF PARTICULARS DETAILING THE ELEMENTS OF THE CRIME AND THEIR FACTUAL PREDICATES** .................................. - 16 -

**CONCLUSION** ..................................................................................................... - 17 -

## Table of Authorities

**CASES**

*Anderson v. U.S.*, 417 U.S. 211 (1974)..................................................................- 12 -

*Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263 (1993)............................- 13 -

*U.S. v. Nachamie*, 91 F. Supp. 2d 565 (S.D.N.Y. 2000)..........................................- 11 -

*Montes v. O'Shea*, No. 1:21-CV-303 (DNH/ATB), 2021 U.S. Dist. LEXIS 85877.................- 12 -

*Nat'l Coal. on Black Civic Participation v. Wohl*, 498 F. Supp. 3d 457 (S.D.N.Y. 2020).........- 1 -

*Russell v. U.S.*, 369 U.S. 749 (1962)......................................................................- 15 -

*U.S v. Bufalino*, 518 F. Supp. 1190 (S.D.N.Y. 1981) ............................................- 12 -

*U.S v. Panza*, 750 F.2d 1141 (2d Cir. 1984) .........................................................- 14 -

*U.S. States v. Haynes*, No. 91-5979, 6076, 1992 U.S. App. LEXIS 27176.............................- 12 -

*U.S. v. Barnes*, 158 F.3d 662 (2d Cir. 1998)..........................................................- 14 -

*U.S. v. Brown*, 49 F.3d 1162 (6th Cir. 1995) .........................................................- 12 -

*U.S. v. Greer*, 939 F.2d 1076 (5th Cir. 1991) ........................................................- 12 -

*U.S. v. Guest*, 383 U.S. 745 (1966)...........................................................- 12 -, -13-

*U.S. v. Kahale*, 789 F. Supp. 2d 359 (E.D.N.Y. 2009) ..................................- 11 -, - 16 -

*U.S. v. Lee*, 6 F.3d 1297 (8th Cir. 1993) ....................................................- 12 -, -14-

*U.S. v. McDermott,* 822 F. Supp. 582 (N.D. Iowa 1993) ........................................- 12 -

*U.S. v. McLean*, 808 F.2d 1044 (4th Cir. 1987)......................................................- 12 -

*U.S. v. Morrison*, 529 U.S. 598 (2000) .................................................................- 12 -

*U.S. v. Nachamie*, 91 F. Supp. 2d 565 (S.D.N.Y. 2000)........................................- 16 -

*U.S. v. Nelson*, 277 F.3d 164 (2d Cir. 2002)..........................................................- 12 -

*U.S. v. Saylor*, 322 U.S. 385 (1944)......................................................................- 12 -

*U.S. v. Skillman*, 922 F.2d 1370 (9th Cir. 1990) ................................................................- 12 -

*U.S. v. Stewart*, 65 F.3d 918 (11th Cir. 1995) ...................................................................- 12 -

*U.S. v. Torres*, 901 F.2d 205 (2d Cir. 1990) ........................................................- 14 -, - 15 -

*U.S.* v. *Williams*, 341 U.S. 70 (1951) .................................................................................- 12 -

## AMENDMENTS, STATUTES, RULES & BILLS

Deceptive Practices and Voter Intimidation Prevention Act ("DPVIA") ...................................- 1 -

Fed. R. Crim. P. 7(c)(1) ..............................................................................................- 15 -

Honest Ads Act of 2017, S. 1989, 115th Cong. (2017). ...............................................- 7 -, - 8 -

Title 18, United States Code, Sections 241 and 3551 et seq....................................................- 10 -

U.S. Const. Amend. V, VI .........................................................................................- 14 -

## OTHER AUTHORITIES

U.S. Dep't of Just., Federal Prosecution of Election Offenses, Eighth Edition.......................- 13 -

## Introduction

Defendant, Douglass Mackey, through his undersigned counsel, submits this Memorandum of Law in support of his Motion for a Bill of Particulars. In accordance with Local Criminal Rule 16.1, counsel met with the Government to discuss this Motion and attach a Declaration summarizing our meeting.[1] The meeting did not alleviate the need for a Bill of Particulars given the unprecedented political and dangerous nature of this prosecution. The Government seeks to criminally censor the free flow of information on the internet without any constitutional, statutory, or judicial basis. And they seek to prosecute a crime Congress has refused to criminalize a dozen times since 2005.[2] The United State Supreme Court has never recognized the Government's criminal content-based speech prosecution here as an exception to the First Amendment's protections. In 2020, Judge Marrero of the Southern District of New York said the same.[3] The Government's bare bones Indictment fails to plead the constitutionally requisite law and facts necessary for Mr. Mackey to mount a defense.

This is a criminal prosecution under 18 U.S.C. § 241 ("§ 241") charging a conspiracy to publish a category of speech our law does not recognize as criminal: "misinformation," as the

---

[1] (Decl. of T. Ekeland, Ex. A).

[2] Congress considered a dozen times, and never passed legislation criminalizing what the Government prosecutes Mr. Mackey for: *see* Deceptive Practices and Voter Intimidation Prevention Act ("DPVIA") of 2005, S. 1975, 109th Cong. §§ 2, 3 (2005); DPVIA of 2005, H.R. 4463, 109th Cong. §§ 2, 3 (2005); DPVIA of 2006, S. 4069, 109th Cong. §§ 2, 3 (2006); DPVIA of 2007, S. 453, 110th Cong. §§ 2, 3 (2007); DPVIA of 2007, H.R. 1281, 110th Cong. §§ 2, 3 (2007); DPVIA of 2009, H.R. 97, 111th Cong. §§ 2, 3 (2009); DPVIA of 2011, S. 1994, 112th Cong. §§ 2, 3 (2011); DPVIA of 2012, H.R. 5815, 112th Cong. §§ 2, 3 (2012); DPVIA of 2018, S. 3279, 115th Cong. §§ 3, 4 (2018); DPVIA of 2018, H.R. 6607, 115th Cong. §§ 3, 4 (2018); DPVIA of 2019, H.R. 3281, 116th Cong. §§ 3, 4 (2019); DPVIA of 2019, S. 1940, 117th Cong. §§ 3, 4 (2021).

[3] *Nat'l Coal. on Black Civic Participation v. Wohl*, 498 F. Supp. 3d 457, 478 (S.D.N.Y. 2020) ("Although false statements that discourage people from exercising the right to vote could conceivably be exempted from First Amendment protection altogether, the Supreme Court has not crafted such an exemption.") (Marrero, J.).

Government styles it in its Press Release, but not its Indictment.[4] The Indictment abandons the Government's public allegation that the purpose of the conspiracy was to "encourage" people to text by vote, as well as all the Criminal Complaint's accusations sounding in fraud through "deceptive" imagery.[5] Neither the Government's Press Release nor its Criminal Complaint are consistent with the Indictment, which alleges neither encouragement, nor fraud through deceptive imagery. § 241 is not a fraud statute.

§ 241 is a Reconstruction-era statute aimed at suppressing KKK violence; later it's used to target Jim Crow and racial discrimination. This is not a racial discrimination case. It is a prosecution of a conspiracy to publish a meme on the internet about the 2016 U.S. presidential election. The Government has never prosecuted a conspiracy to publish under § 241 and this is the first internet case in its history. This is a Due Process notice issue. § 241 is a capital statute. Mr. Mackey is not facing the death penalty here, but he is facing ten years in prison for a crime the Government refuses to specify.

If there is a legal and factual basis for this content-based criminal prosecution of speech - satirical political speech about a U.S. presidential election - it is not apparent from § 241, the case law, the record, or the discovery produced to date. Lacking foundation, the Indictment indulges anarchy rather than law. It eschews particularity and certainty for vagueness, ambiguity and a coy indefiniteness that allows the Government to change their story as needed. DOJ is

---

[4] Social Media Influencer Charged with Election Interference Stemming from Voter Disinformation Campaign: Defendant Unlawfully Used Social Media to Deprive Individuals of Their Right to Vote (Jan. 27, 2021), https://www.justice.gov/opa/pr/social-media-influencer-charged-election-interference-stemming-voter-disinformation-campaign ("Press Release").

[5] (*Compare* Criminal Complaint and Affidavit in Support of an Arrest Warrant, ECF Dkt. No. 1, *with* Indictment, ECF Dkt. No. 8).

impermissibly legislating criminal law. The Constitution, Congress, and the Common Law forbid this.

The Government takes the position that a Bill of Particulars is not necessary because our questions regarding the legal and factual basis of its one-paragraph Indictment belong to the forthcoming Motion to Dismiss.[6] The Government also informed the Defense that we are not entitled to their legal theories via a Bill of Particulars.[7] Perhaps, but the Defense's concern is that no coherent, cognizable legal theory underlies this prosecution. That is why the Government has shifted from an eleven-paragraph Press Release alleging the encouragement of unspecified voters to give up their right to vote; to a twenty-four-page Criminal Complaint alleging fraud through deceptive imagery; to a one-paragraph Indictment alleging unspecified injury, oppression, threat, and intimidation against unspecified voters, that neither mentions encouragement, nor sounds in fraud through deceptive imagery. This leaves the Defense guessing and burdened with arguing against a shifting Indictment.

To address this, and the Indictment's other defects in the forthcoming Motion to Dismiss, the Fifth and Sixth Amendments require that the Government provides the necessary information for Mr. Mackey to mount a defense. This Motion asks that the Government state the particulars of its novel criminal prosecution of an internet conspiracy to publish political satirical speech; plain, concise, and definite, as our Constitution requires.

This Court should grant Mr. Mackey's Motion for a Bill of Particulars because the Indictment:

_____

[6] (Email from Gov. to Def. Counsel dated Jan. 7, 2022).
[7] *Id.*

- 3 -

1. violates the Fifth, and Sixth Amendments to the United States Constitution by not providing a plain, concise, definite statement identifying the elements of the crime charged and their supporting factual predicates, necessary for Mr. Mackey to mount a defense

2. invites trial by surprise

3. invites future double jeopardy

## Background

In 1989, the actor Charlie Sheen played the baseball player Ricky Vaughn in the movie *Major League.* The film opened at #1 at the box office, did well, and spawned a sequel.[8] Fast forward to 2016: roughly 58,000 accounts follow a fictional @Ricky_Vaughn99 account on Twitter.[9] The Government admits that it focused on the @Ricky_Vaughn99 Twitter account because it was politically influential.[10] True. It was a politically influential account recognized as such during the 2016 presidential election. And an undeniably satirical one. The avatar appearing above the Twitter feed greets the viewer with Charlie Sheen as Ricky Vaughn as a Donald Trump supporter. The avatar appears in a changing array of agit-prop finery MAGA hats, Bane Masks, and cosmic sunglasses. All in a hyperbolic, unmistakable expression of politics, satire, and absurdity. The modus operandi is the same for all the Twitter accounts referenced in the

---

[8] *Major League,* Internet Movie Database, https://www.imdb.com/title/tt0097815/; IMDbPro, Box Office Mojo, *Major League´,* https://www.boxofficemojo.com/release/rl4183852545/weekend/.
[9] (Compl. and Aff. in Supp. of Arrest Warrant at ¶ 11, ECF Dkt. No. 1).
[10] *Id.*

Criminal Complaint. Here is the @Ricky_Vaughn 99 avatar that Huffington Post ran in 2018 when it doxed Mr. Mackey:[11]



Typical biographical headers under the avatars say, "Deplorable American nationalist, Deplorable free speech activist, Deplorable MIT-certified Top 150 2016 Election Influencer."

---

[11] Luke O'Brien, *Trump's Most Influential White Nationalist Troll is a Middlebury Grad Who Lives in Manhattan*, The Huffington Post (Apr. 9, 2018), https://www.huffpost.com/entry/trump-white-nationalist-troll-ricky-vaughn_n_5ac53167e4b09ef3b2432627.



This is not a New York State or City of New York Board of Elections graphic. It is a fictional avatar that contextualizes the satirical political aspect of the Twitter accounts in question. This fictional avatar always accompanied any Tweet viewed in any of the accounts, a fact the Government's ignores in its belated prosecution of 2016 election memes.

## 2016

The Criminal Complaint, but not the Indictment, mentions three Twitter accounts in relation to the 2016 presidential election:

1. @Ricky_Vaughn99

2. @TheRickyVaughn

---

[12] Screenshot, *Ricky Vaughn, Twitter, @Ricky_Vaughn99*, https://archive.fo/p7lhe (last visited Aug. 17, 2021).

3.  @ReturnofRV[13] (collectively the "Accounts")

On October 5, 2016, Twitter suspended the @Ricky_Vaughn99 account. Twitter did not suspend accounts tweeting the same type of meme in support of Hillary Clinton, nor is the Government prosecuting Hillary Clinton supporters for doing precisely what they accuse Mr. Mackey of doing.[14] On November 2, 2016, after a Hillary Clinton supporter and two internet tabloids, *The Huffington Post* and *Buzzfeed*, fed a clickbait frenzy highlighting the meme featured in the Criminal Complaint, Twitter suspended the @TheRickyVaughn account for tweeting two memes that were already available on the internet since at least October 2016. Twitter did not suspend accounts tweeting the same type of meme in support of Hillary Clinton, nor is the Government prosecuting Hillary Clinton supporters for doing precisely what they accuse Mr. Mackey of doing.

On November 8, 2016, Donald Trump was elected President of the United States. After November 14, 2016, all the Accounts listed above were suspended.

## 2017

On October 19, 2017, Senator Amy Klobuchar introduced *The Honest Ads Act* in the U.S. Senate. The bill sought to limit foreign influence in American elections by expanding disclosure requirements for political advertisements on digital platforms.[15] Less than two weeks later, on October 31, 2017, during the Russia & 2016 Election Investigations hosted by the Senate

---

[13] (Compl. and Aff. in Supp. of an Arrest Warrant at ¶ 5, ECF Dkt. No. 1).

[14] *See, e.g.*, @mskristinawong, Twitter (Nov. 8, 2016, 6:38AM), https://twitter.com/mskristinawong/status/795990959987173377 (last visited Jan. 10, 2022).

[15] Honest Ads Act of 2017, S. 1989, 115th Cong. (2017).

Judiciary Subcommittee on Crime and Terrorism, Senator Klobuchar singled out the @TheRickyVaughn Twitter account with a large posterboard image of the same meme referenced in the Huffington Post and Criminal Complaint, while questioning Richard Salgado, Director of Law Enforcement and Information Security at Google.[16] She repeatedly pointed to the poster board and called it criminal. She also made repeated inaccurate statements that @TheRickyVaughn was receiving payment for its tweets.[17] The *Honest Ads Act* never made it out of committee.[18]

## 2018

On April 5, 2018, the Huffington Post ran an article alleging Mr. Mackey was the man behind the Accounts.[19]

On June 26, 2018, the Senate Judiciary Subcommittee on Crime and Terrorism held hearings on *The Honest Ads Act*. Congress still did not pass it.

At 7:00 am on November 15, 2018, the FBI visited Mr. Mackey. He told them to talk to his lawyer. He never heard back from the FBI until shortly after President Biden's inauguration.

## 2021

On January 20, 2021, President Joseph Biden took his oath of office.

---

[16] C-SPAN, *Facebook, Google and Twitter Executives on Russian Disinformation*, Senate Judiciary Subcommittee on Crime and Terrorism (Oct. 31, 2017), https://www.c-span.org/video/?c4689653/user-clip-vote-text-tweet.

[17] *Id.*

[18] Honest Ads Act of 2017, S. 1989, 115th Cong. (2017).

[19] (Compl. and Aff. in Supp. of an Arrest Warrant at ¶ 7(c), ECF Dkt. No. 1); *see also* https://www.huffpost.com/entry/trump-white-nationalist-troll-ricky-vaughn_n_5ac53167e4b09ef3b2432627.

## Criminal Complaint

On the morning of January 27, 2021, FBI agents surprised Mr. Mackey in his Florida home, arresting and handcuffing him for conspiring to meme.[20]

The same day, the United States Attorney's Office for the Eastern District of New York issued an 11-paragraph Press Release, simultaneous with the unsealing of the Criminal Complaint, trumpeting Mr. Mackey's arrest, entitled: "Social Media Influencer Charged with Election Interference Stemming from Voter Disinformation Campaign: Defendant Unlawfully Used Social Media to Deprive Individuals of Their Right to Vote." The Press Release follows the Criminal Complaint in referencing the political influence of the Accounts:

> The complaint alleges that in 2016, Mackey established an audience on Twitter with approximately 58,000 followers. A February 2016 analysis by the MIT Media Lab ranked Mackey as the 107th most important influencer of the then-upcoming Election, ranking his account above outlets and individuals such as NBC News (#114), Stephen Colbert (#119) and Newt Gingrich (#141).

The Press Release then summarizes the Criminal Complaint:

> As alleged in the complaint, between September 2016 and November 2016, in the lead up to the Nov. 8, 2016, U.S. Presidential Election, Mackey conspired with others to use social media platforms, including Twitter, *to disseminate fraudulent* messages designed *to encourage* supporters of [Hillary Clinton] to "vote" via text message or social media, a legally invalid method of voting. The tweet included the typed hashtags "#Go [Hillary]" and another slogan frequently used by [Hillary Clinton]. On or

---

[20] Social Media Influencer Charged with Election Interference Stemming from Voter Disinformation Campaign: Defendant Unlawfully Used Social Media to Deprive Individuals of Their Right to Vote (Jan. 27, 2021), https://www.justice.gov/opa/pr/social-media-influencer-charged-election-interference-stemming-voter-disinformation-campaign.

about and before Election Day 2016, at least 4,900 unique
telephone numbers texted "[Hillary]" or some derivative to the
59925 text number, which was used in *multiple deceptive
campaign images* tweeted by the defendant and his co-
conspirators.[21]

Between the fulsome Criminal Complaint, Press Release and the empty Indictment, the

Government doesn't have its story straight. Incorporating the three by reference results in

contradiction. The Press Release and Criminal Complaint allege a conspiracy to publish

deceptive images that fraudulently "encourage" unspecified voters to relinquish the free exercise

of their right to vote. The Indictment charges neither fraud nor encouragement but something

more sinister - injury, oppression, threat, and intimidation. But it provides no legal or factual

predicate for this whiplash change from a conspiracy to encourage to a conspiracy to injure,

oppress, threaten, and intimidate.

## Indictment

On February 10, 2021, the Government indicts Mr. Mackey for a single count of

violating 18 U.S.C. § 241.[22] It reads in full:

<u>CONSPIRACY AGAINST RIGHTS</u>

In or about and between September 2016 and November 2016,
both dates being approximate and inclusive, within the Eastern
District of New York and elsewhere, the defendant DOUGLASS
MACKEY, also known as "Ricky Vaughn," together with others,
conspired to injure, oppress, threaten and (sic) intimidate one or
more persons in the free exercise and enjoyment of a right and
privilege secured to them by the Constitution and laws of the

---

[21] Department of Justice, Office of Public Affairs, "Social Media Influencer Charged with Election
Interference Stemming from Voter Disinformation Campaign: Defendant Unlawfully Used Social Media to Deprive
Individuals of Their Right to Vote." available at https://www.justice.gov/opa/pr/social-media-influencer-charged-
election-interference-stemming-voter-disinformation-campaign (emphasis added).
[22] (Indictment, Dkt. No. 8).

United States, to wit: the right to vote.[23]

Without a clear statement of § 241's elements the Indictment sandbags the Defense. The Government's refusal to state what it believes are the elements of § 241 only heightens the Defense's concern that there is no cognizable, coherent legal justification for this unprecedented prosecution of internet speech.

## Local Criminal Rule 16.1 Conference

On September 10, 2021, per the local rules, the Defense and the Government met to discuss the Defense's concerns with the bare bones Indictment. The attached Declaration of Tor Ekeland summarizes this meeting.[24] After being sent a draft declaration for review, the Government declined to take a position on any of the Defense's questions about the Indictment, including whether § 241 requires an act in furtherance of the conspiracy, whether it requires a nexus with a state actor, whether they have to provide names of the co-conspirators, and other issues questions as documented in the attached Declaration.

## Argument

In the Second Circuit, whether to grant a Bill of Particulars is a case specific inquiry.[25] The bare bones Indictment violates the Fifth and Sixth Amendments to the United States Constitution and Federal Rule of Criminal Procedure 7(c)(1), as codified by 18 U.S.C. § 3366.

---

[23] Title 18, United States Code, Sections 241 and 3551 et seq.
[24] (Decl. of T. Ekeland, Ex. A).
[25] *U.S. v. Kahale*, 789 F. Supp. 2d 359, 372 (E.D.N.Y. 2009) (citing *U.S. v. Nachamie*, 91 F. Supp. 2d 565, 572 (S.D.N.Y. 2000)) ("A review of the case law in this district reveals no clear distinction among circumstances in which courts grant a request for the names of known unindicted co-conspirators and circumstances in which they do not.").

This is a novel prosecution. In the 150 years of § 241's existence there is no prosecution like this - targeting a conspiracy to engage in the publication of speech on the internet - political, satirical speech involving a presidential election, at that. Speech undirected at any specific voter or polling site. Speech one must log on to the internet and then a social media account to see. Speech that has nothing to do with violence. Under a statute with contradictory case law as to its elements.

This contradictory case law as to § 241's elements leaves the Defense guessing what particular elements the Government charges in its Indictment. There is a circuit split on whether an act in furtherance of the object of the conspiracy is an element that the Government must prove under § 241.[26] The case law is confused as to whether § 241 requires a nexus with a state actor.[27] Not only are the courts unclear on § 241 as a matter of law, but there is also no fact pattern like this case in the statute's history. All prior § 241 cases our research reviewed involved plans for specific physical conduct, either actual or threatened, with specific intent directed towards a particular physical world location.[28] The Eighth Edition of DOJ's Public Integrity

---

[26] *Compare U.S. v. Skillman*, 922 F.2d 1370, 1375 (9th Cir. 1990) (holding that conspiracy under § 241 requires no proof of overt act); *U.S v. Bufalino*, 518 F. Supp. 1190, 1981 (S.D.N.Y. 1981) (holding no overt act required); *with U.S. v. Brown*, 49 F.3d 1162, 1165 (6th Cir. 1995) (stating § 241 requires an overt act); *U.S. States v. Haynes*, No. 91-5979, 6076, 1992 U.S. App. LEXIS 27176, at *1 (6th Cir. Oct. 15, 1992) (holding § 241 requires proof of an overt act); *U.S. v. Greer*, 939 F.2d 1076, 1081 (5th Cir. 1991) (same).

[27] *See, e.g. U.S. v. Guest*, 383 U.S. 745, 755-56 (1966) ("The Fourteenth Amendment protects the individual against *state action*, not against wrongs done by *individuals*.") (quoting *U.S.* v. *Williams*, 341 U.S. 70, 92 (1951) (Douglas, J., dissenting); *U.S. v. Morrison*, 529 U.S. 598, 622 (2000); *U.S. v. Nelson*, 277 F.3d 164, 174 n.10 (2d Cir. 2002) ("Indeed, *Morrison* leaves this door open by relying upon the description of Congress's Section Five powers in the *Civil Rights Cases*, which construe the ability of Congress to regulate private action as permissible so long as its legislation is sufficiently tied to remedying prohibited exercises of state authority and thereby imply a case-by-case analysis . . ."); *see also*, *Montes v. O'Shea*, No. 1:21-CV-303 (DNH/ATB), 2021 U.S. Dist. LEXIS 85877, at *16 (N.D.N.Y. Apr. 6, 2021) ("Moreover, plaintiff does not plausibly allege that his attorneys acted jointly, or conspired, with a state actor to deprive plaintiff of some constitutional rights.").

[28] *See, e.g., U.S. v. Saylor*, 322 U.S. 385, 386 (1944) (ballot forgery); *U.S.* v. *McDermott*, 822 F. Supp. 582 (N.D. Iowa 1993); *U.S. v. Lee*, 6 F.3d 1297 (8th Cir. 1994) (cross burning); *U.S. v. Stewart*, 65 F.3d 918 (11th Cir. 1995), (1996) (cross burning); *U.S. v. McLean*, 808 F.2d 1044 (4th Cir. 1987) (voter bribery); *Anderson v. U.S.*, 417 U.S. 211, 214-15 (1974) (ballot box stuffing).

- 12 -

Division's Federal Prosecution of Election Offenses doesn't discuss anything close to this case and it cites analogous fact patterns it states are not election crimes. The manual recognizes that the distribution of inaccurate campaign literature is not Election Fraud. Also, it recognizes that this is an area where the First Amendment circumscribes the breadth of prosecutorial power.[29] One finds no support for this prosecution in DOJ's publications discussing § 241.

The Indictment makes no particular allegation of specific intent. There is nothing specific about the Indictment. This prejudices Mr. Mackey. Specific intent is indisputably an element of § 241.[30]

The Indictment lacks all detail, and its conclusory, factually untethered accusations of conspiracy to create a meme that injures, oppresses, threatens, and intimidates contradicts the Criminal Complaint's and Press Release's fraud theory of deceptive imagery that somehow "encourages" voters to deprive themselves of their free exercise of their constitutional right to vote. This conceptual morass makes recourse to the background context of the Criminal Complaint, Press Release, and discovery of little value in determining defense strategy and tactics. It's also unduly burdensome.

Most Bill of Particulars cases are not analogous because they deal with empirical, measurable, uncertainties and not the empty, speculative abstractions the Government conjures here. When a defendant complains an Indictment lacks particularity because the indictment doesn't state the amount of drugs he's accused of possessing, the courts rightly deny the motion because an amount of drugs is subject to measurement and evidentiary challenge at trial, and

---

[29] U.S. Dep't of Just., Federal Prosecution of Election Offenses, Eighth Edition, 11, 26, 132, 206 (Dec. 2017).

[30] *See U.S. v. Guest*, 383 U.S. 745, 759 (1966); *see also Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 335 (1993).

once one is charged with possession one knows this is a necessary part of the defense.[31] One cannot say the same of an unprecedented prosecution under a statute with no clearly defined elements, an Indictment with no factual predicates supporting it, and with no apparent basis in law or fact. This unique case stands in contrast to the majority of Bill of Particulars case law, all of which are case-specific, fact-intensive analyses that a District Court has broad discretion to conduct.[32]

## I.       The Indictment Violates the Fifth and Sixth Amendments

The Indictment lacks particularity and thus violates the Fifth Amendment's Due Process and Indictment clauses and the Sixth Amendment's guarantee that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation. . .[33] The failure to provide any factual predicates as to the speech being prosecuted in this case further prejudices Mr. Mackey in relation to raising a First Amendment defense.[34]

The Constitution requires that a felony indictment provide notice to the defendant of the information necessary to prepare a defense.[35] This is especially true of a broad, bare bones conspiracy charge like the Indictment. An indictment must be a "plain, concise, and definite

_____

[31] *See, e.g., U.S. v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990).
[32] *See U.S v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984) ("Whether to grant a bill of particulars rests within the sound discretion of the district court.").
[33] U.S. Const. Amend. V, VI.
[34] *U.S. v. Lee*, 6 F.3d 1297, 1307 (8th Cir. 1993) (reversing cross burning conviction under § 241 on First Amendment grounds).
[35] *See U.S. v. Barnes*, 158 F.3d 662, 666 (2d Cir. 1998) (a bill of particulars or other adequate disclosure is appropriate where a conspiracy count provides only the bare bones of the charge).

written statement of the essential facts constituting the offense charged."[36] An indictment is insufficient if:

1. "the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused."[37]

2. it doesn't state the elements of the crime[38]

3. it doesn't supply the information necessary to prepare a defense and avoid surprise at trial[39]

4. and bars future double jeopardy[40]

In its lack of necessary particularity, the Indictment is like the ones in *Russell v. United States*, 369 U.S. 749 (1962). In *Russell,* the Government successfully prosecuted the six petitioners in this consolidated case for refusing to answer questions from a congressional committee:

> [Petitioner] was put to trial and convicted upon an indictment which did not even purport to inform him in any way of the identity of the topic under subcommittee inquiry. At every stage in the ensuing criminal proceeding [Petitioner] was met with a different theory, or by no theory at all, as to what the topic had been. Far from informing [Petitioner] of the nature of the accusation against him, the indictment instead left the prosecution free to roam at large -- to shift its theory of criminality so as to take advantage of each passing vicissitude of the trial and appeal.[41]

---

[36] Fed. R. Crim. P. 7(c)(1).
[37] *See U.S. v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990).
[38] *See id.*
[39] *See id.*
[40] *See id.*
[41] *Russell v. U.S.*, 369 U.S. 749, 767-68 (1962).

In reversing the convictions, the Court held that "[w]here guilt depends so crucially upon such a specific identification of fact, our cases have uniformly held that an indictment must do more than simply repeat the language of the criminal statute."[42]

## II.    The Court Should Order a Bill of Particulars Detailing the Elements of the Crime and Their Factual Predicates

As argued above, the Court should order the Government to produce a Bill of Particulars providing:

1. The precise elements of the charged crime

2. Whether an overt act in furtherance of the conspiracy is an element of § 241

3. Whether a nexus with a state actor is an element of § 241

4. The particular factual predicates for the element of Specific Intent

5. The particular factual predicates underlying the alleged conspiratorial agreement, including identifying the statements the Government alleges constitutes an agreement

6. The particular factual predicates underlying the date, time, place, and manner of the alleged conspiracy

7. The names of all co-conspirators [43]

8. The particular factual predicates supporting the element of injury

9. The particular factual predicates supporting the element of oppression

---

[42] *Id.* at 764-65.
[43] *U.S. v. Kahale*, 789 F. Supp. 2d 359, 372 (E.D.N.Y. 2009) (citing *U.S. v. Nachamie*, 91 F. Supp. 2d 565, 572 (S.D.N.Y. 2000)) (using six factor analysis to determine whether to order the disclosure of co-conspirator's identities: (1) the number of co-conspirators; (2) the duration and breadth of the alleged conspiracy; (3) whether the government otherwise has provided adequate notice of the particulars; (4) the volume of pretrial disclosure; (5) the potential danger to co-conspirators and the nature of the alleged criminal conduct; and (6) the potential harm to the Government's investigation).

10. The particular factual predicates supporting the element of threat

11. The particular factual predicates supporting the element of intimidation

12. The names and identities of all persons the conspiracy specifically intended to deprive of their free exercise of the constitutional right to vote; and

13. The basis for venue in the Eastern District of New York.

## Conclusion

This is a novel criminal prosecution for which there is no precedent in the 150-year history of 18 U.S.C. § 241. The Government seeks to criminally censor the publication of speech on the internet through a bare bones Indictment, in violation of the Fifth and Sixth Amendments to the United States Constitution and without any statutory, judicial, or common law basis.

This Court should order the Government to produce a sworn Bill of Particulars to correct the constitutional deficiencies in its Indictment.

Dated: New York, New York

January 10, 2022

Respectfully submitted,

/s/ Tor Ekeland

Tor Ekeland (NY Bar No. 4493631)
Michael Hassard (NYS Bar No. 5824768)

Tor Ekeland Law, PLLC
30 Wall Street, 8th Floor
New York, NY
t:  (718) 737 - 7264
f:  (718) 504 - 5417
tor@torekeland.com
michael@torekeland.com

*Counsel for Defendant Douglas Mackey*

- 18 -

**CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of January 2022, the forgoing document was filed with the Clerk of Court using the CM/ECF System. I also certify that a true and correct copy of the foregoing was sent to the following individuals via e-mail and mail delivery via first class mail.

<u>s/ Tor Ekeland</u>

U.S. Attorney's Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

Erik David Paulsen
Erik.Paulsen@usdoj.gov

Olatokunbo Olaniyan
Olatokunbo.Olaniyan@usdoj.gov

William J. Gullotta
William.Gullotta2@usdoj.gov