U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

RTP:EDP/OO/WJG
F. #2018R02250

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

May 27, 2022

<u>By ECF and Email</u>

Andrew Frisch, Esq.
Law Offices of Andrew Frisch
40 Fulton Street
New York, NY 10038
212-285-8000
afrisch@andrewfrisch.com

      Re:    United States v. Douglas Mackey
                <u>Criminal Docket No. 21-80 (NGG)</u>

Dear Mr. Frisch:

      This letter is in response to the Court's May 13, 2022 Memorandum and Order ("Order") directing the government to state and clarify the facts that the government intends to prove at trial to establish venue within the Eastern District of New York.

      At trial, the government intends to prove the following by a preponderance of the evidence:

- That in the lead up to the 2016 Federal Presidential Election, the members of the conspiracy distributed disinformation about the time, place and manner of voting with the intent to "injure, oppress, threaten and intimidate" voters, which would include voters located the Eastern District of New York;

- That given the method by which the members of the conspiracy distributed this aforementioned disinformation, including by the social media platform Twitter, it was foreseeable that the disinformation would be spread to and through the Eastern District of New York;

- That as a result of the acts by the members of the conspiracy, the aforementioned disinformation was viewed by Twitter users located in the Eastern District of New York; and

- That communications sent to and from members of the conspiracy, including the communications sent by the Defendant on November 1, 2016 and November 2, 2016 containing the "Deceptive Images" described in paragraphs 32 and 33 of the Complaint, traveled through the territory of the Eastern District of New York due to the Defendant's use of the Twitter platform.

As was recognized in the Court's Order, the government reserves the right to amend this bill of particulars as the case progresses toward trial. See Order at 5, n.1 ("The Court is mindful that a bill of particulars should not 'foreclose the government from using proof it may develop as the trial approaches.'") United States v. Jimenez, 824 F. Supp. 351, 363 (S.D.N.Y. 1993). Accordingly, the government is granted leave to amend its theory of venue should that theory change during discovery, motion practice, or while preparing for trial. See Wright & Miller, Fed. Prac. & Proc. Crim § 130 (4th Ed.)); Fed. R. Crim. P. 7(f) ("The government may amend a bill of particulars subject to such conditions as justice requires."); United States v. Salazar, 485 F.2d 1272, 1277 (2d Cir. 1973) (affirming district court's acceptance of supplemental bill of particulars).

Very truly yours,

BREON PEACE
United States Attorney

By:    /s/
Erik Paulsen
Olatokunbo Olaniyan
Assistant U.S. Attorneys
(718) 254-7000

William Gullotta
Trial Attorney
United States Department of Justice
(202) 514-1412

cc: Clerk of Court (by ECF)