

U.S. Department of Justice

United States Attorney
Eastern District of New York

EDP/FTB/WJG
F. #2018R02250

271 Cadman Plaza East
Brooklyn, New York 11201

February 15, 2023

By Hand Delivery and ECF

The Hon. Nicholas Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Douglass Mackey
Criminal Docket No. 21-80 (NGG)

Dear Judge Garaufis:

The government writes to advise the Court that it may call a witness previously associated with the MIT Media Lab, Laboratory for Social Machines ("MIT Media Lab"), to discuss analysis performed by the MIT Media Lab concerning the 2016 Election. To the extent that such a witness becomes necessary, and to the extent that such a witness may offer testimony within the meaning of Federal Rule of Criminal Procedure 16(a)(1)(G) and/or the Federal Rules of Evidence 702, 703 and 705, the government provides the following initial disclosure, and respectfully requests that the government be permitted to supplement that disclosure as it obtains additional relevant information. See Federal Rule of Criminal Procedure 16(a)(1)(G)(iv).

I. Background

In or around 2015 and 2016, the MIT Media Lab, a research laboratory at the Massachusetts Institute of Technology, obtained access to Twitter's daily output—the nearly 500 million tweet per day "fire hose"—as well as Twitter's archive. See The Electome: Measuring responsiveness in the 2016 election, available at https://www.media.mit.edu/projects/the-electome-measuring-responsiveness-in-the-2016-election/overview/. Using these materials, the MIT Media Lab launched the "Electome Project," which provided analysis of public Twitter conversations about the 2016 election. The Electome Project published portions of its analysis and conclusions either directly on the website Medium.com or in conjunction with various media outlets, like the Washington Post.

On or about February 23, 2016, the MIT Media Lab published an article on Medium.com describing some of its findings. In an article titled "Who's Influencing Election 2016?" written by William Powers, the MIT Media Lab published an analysis of the "top 150

[election] influencers" who "loom large at the intersection of news and social media." See Who's Influencing the Election, available at https://medium.com/@socialmachines/who-s-influencing-election-2016-8bed68ddecc3. As was noted in Medium.com article, the defendant's Twitter handle, @Ricky_Vaughn99, was determined to be the 107th most influential Twitter account analyzed in the project.

In the Complaint which initiated the instant prosecution, the government noted the fact of the defendant's ranking on the MIT Media Lab list, as well as the defendant's awareness and commentary on his ranking. (Compl. ¶ 11). In the defendant's recent motions in limine, filed on January 30, 2023, the defendant moved to preclude any reference to the MIT Media Lab's conclusions, arguing that it was "irrelevant to the jury's consideration of the charged conspiracy and unduly prejudicial with no or little probative value." (Def. Mot. In Limine, Dkt. No. 55, at pg. 13).

II.     Discussion

The defendant argues in his motion in limine that evidence relating to the MIT Media Lab's determination that the defendant's Twitter account had particular influence during the 2016 election should be excluded as irrelevant and prejudicial. This is incorrect. The defendant is charged with conspiring to distribute disinformation about the manner in which voters in the 2016 election could cast their votes, and it is highly relevant to the defendant's intent in committing the charged crime that (1) he had significant ability to push messages on Twitter and (2) that the defendant and his co-conspirators were aware of that ability.

As the government will address in greater detail in its response to the defendant's motion in limine, the defendant was well-aware of the MIT Media Lab's conclusion that he was deemed a top influencer in the leadup to the 2016 election. The defendant discussed the fact of his ranking on the MIT list in private message groups, tweeted about it on numerous occasions and listed it on his Twitter biographical profile, which was visible to anyone who accessed his personal Twitter timeline. On several occasions, the defendant tweeted the Medium.com article listed above (https://medium.com/@socialmachines/who-s-influencing-election-2016-8bed68ddecc3), in which the participants in the MIT Lab explained the Electome project, described the project's methodology and published the entire list, which included the defendant listed at #107.

For the reasons noted above, and which will be further addressed in the government's in limine response, the fact that the defendant was ranked on the MIT list—and the fact that the defendant knew he had been determined to be so influential—is clearly admissible through the defendant's own statements. However, to the extent that the government understands the defendant's in limine motion to be challenging not the fact that the defendant was included on this list or that the defendant knew about his inclusion, but rather the propriety of the defendant's inclusion on this list, the government will seek to present an appropriate witness from the MIT Media Lab to explain the project's methodologies and bases for those conclusions. To the extent that those methodologies and conclusions may implicate Federal Rule of Criminal Procedure 16(a)(1)(G) and/or Federal Rules of Evidence 702, 703 and 705 (a point the government is not prepared to concede at this time), the government will endeavor to provide prompt and appropriate notice to defense counsel.

In anticipation that such a witness may be needed, either in the government's case in chief or in a rebuttal case, the government is in the process of locating the appropriate member of the MIT Media Lab to provide such testimony,[1] along with information sufficient to satisfy the requirements of Federal Rule of Criminal Procedure 16(a)(1)(G)(iii). Because the government is still in the process of collecting this information, the government respectfully requests that the Court permit the government, pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G)(vi), to supplement this initial disclosure with a more fulsome disclosure to the Court and defendant when the relevant information becomes available.

Very truly yours,

BREON PEACE
United States Attorney

By:   /s/ Erik D. Paulsen
Erik D. Paulsen
F. Turner Buford
Assistant U.S. Attorneys
(718) 254-7000

William J. Gullotta
Trial Attorney
(202) 514-1412

Enclosure

cc:     Clerk of the Court (NGG) (by ECF)

---

[1] Although several individuals were involved in the Electome Project, the government expects that Eric Chu—who is referenced in the Medium.com article cited above—may be the appropriate person to describe the more technical aspects of the project's methodologies, should such testimony be necessary. The government also understands that the analysis related to the rankings detailed in the Medium.com article did not involve significant additional materials beyond those cited in this letter that would necessitate time-intensive review. However, the government is still in the process of making those determinations.