UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------- x

UNITED STATES OF AMERICA

    - v -                                  Criminal Case No. 21-0080 (NGG)

DOUGLASS MACKEY,

        Defendant.

-------------------------------------------------- x

## MEMORANDUM OF LAW IN REPLY TO THE GOVERNMENT'S OPPOSITION TO MOTIONS *IN LIMINE*

Andrew J. Frisch
The Law Offices of Andrew J. Frisch, PLLC
40 Fulton Street, 17th Floor
New York, New York 10038
(212) 285-8000
*afrisch@andrewfrisch.com*

*Attorney for Douglass Mackey*

February 28, 2023

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------- x

UNITED STATES OF AMERICA

       - v -                                       Criminal Case No. 21-0080 (NGG)

DOUGLASS MACKEY,

               Defendant.

-------------------------------------------------- x

MEMORANDUM OF LAW IN OPPOSITION
TO GOVERNMENT'S MOTIONS *IN LIMINE*

*A.      The Government's "Categories" of Admissible Chats*

        This past Thursday, on February 23, 2023, the government provided defendant Douglass Mackey with notice of about 2,081 additional lines of chats which it may seek to introduce within the "categories" of statements identified by the government in its motion *in limine* or, according to the government, if Mr. Mackey testifies. The devil is truly in the details: most of the 2,081 specific lines of chats in the government's most recent disclosure do not fit even a generous view of the government's reasoning within its categories. Many are unduly inflammatory as a matter of law with no countervailing probative value, if any; many go to the heart of political speech with no true or significant tie to the charged crime; and most of them are spoken by people whose status as co-conspirators predominantly rests on their anonymous participation in group chats, so the most sordid ramblings - - overwhelmingly spoken by others typically in Mr. Mackey's absence - - are proffered under an overbroad view of Rule 801(d)(2)((E) - - and have apparent relevance to Mr. Mackey's credibility should he testify. The temporal distance to the charged conspiracy of many of these statements, raised by Mr. Mackey

in his initial filing, is now dwarfed by other objections.

The lion's share of the chats fail even the faux test of prosecutorial need: the government otherwise has ample evidence of Vaughn's awareness of his online popularity, what Vaughn described in chats as "meme magic," and his political allegiance to the candidate whose opponent was the alleged object of the two memes at issue. The government's reliance on these chats serves to suggest bad character, not prove intent to deceive.

The government suggests that the parties convene to work through these statements [Gov't Memo at 9], and defense counsel will accept the invitation to lessen the Court's load and narrow the scope of judicial intervention. But the government's protocol reeks of a Trojan Horse, advancing benign arguments to the Court about categories of purportedly admissible statements, while producing lines of chats to counsel that are unmistakably and unduly malignant. With due respect to the government, it is dancing with a viable claim of selective prosecution. The devil is in the details, and the proof is in the pudding: with this reply memorandum the defense is filing the government's 2,081 proffered lines of chat under seal to protect the record and Mr. Mackey.[1]

B.  *Mr. Mackey Has No Objection to Admission of Vaughn's Statements About Twitter's Basis for Suspending the Vaughn Account*

The government's opposition to Mr. Mackey's motion to preclude Twitter's reasoning for suspending Ricky Vaughn's account seems to establish that Twitter will not testify at trial about its reasoning, and understandably so. The government does not dispute, as Mr.

---

[1] The defense has created a compendium of the government's proffered lines of chats, numbering them from 1 to 2,081 for ease of future discussion. The compendium has proven too large to file electronically under seal or to email to the Court's case manager, so it will be provided to the Court under seal via Federal Express.

Mackey demonstrated in his memorandum in support of preclusion, that Twitter's reasoning for suspending accounts is unreliable. *See* Docket No. 55 at 12-13 (citing Kaitlyn Tiffany, *A Prominent Vaccine Skeptic Returns to Twitter*, The Atlantic, Aug. 24, 2022 (Twitter acknowledged that it was wrong to suspend for misleading information); David Zweig (@DavidZweig), Twitter (Dec. 26, 2022, 9:54 AM) (same); Shannon Bond, *"Elon Musk is using the Twitter Files to discredit foes and push conspiracy theories,"* NPR, Dec. 14, 2022. (documenting Twitter's frequent mistakes in applying its policies).

Nonetheless, Mr. Mackey does not object to Vaughn's own chats evincing his understanding of Twitter's reason for banning the Vaughn account. Mr. Mackey objects if Twitter's reasoning is the subject of chats on which Vaughn did not participate, or if the government seeks to introduce evidence of Twitter's reasoning in some other form. Twitter's reasoning for the suspension does not live in the margins of this case; it *is* the case. Mr. Mackey's intent in posting the memes will be a key issue at trial, and no curative instruction can remove the taint of a third-party's resolution of the issue for which the jury will be empaneled, especially as Twitter's inherently unreliable conclusion will not be subject to cross examination.

C.  *The Court Should Preclude Inflammatory Remarks*

As the government's opposition acknowledges, one of the two memes at issue pictures an African-American woman and the other a Hispanic woman. The statement at issue - - "Obviously, we can win Pennsylvania. The key is to drive up turnout with non-college whites, and limit black turnout" [Exhibit A at 21] expresses interest in Vaughn's favored candidate winning the 2016 Presidential Election by driving up turnout among that candidate's perceived constituency, and limiting turnout of the opponent's perceived constituency. The statement

4

makes no reference to Hispanic voters precisely because the alleged objective is victory for the Republican and loss for the Democrat; race is ancillary. Vaughn's statement specifically targeting black as opposed to Democratic voters has no or little probative value, but great risk to inflame and antagonize. The Court should eliminate the statement's inherent risk of undue prejudice by substituting "Democratic" for "black."

Of the 2,081 lines of chats, the government highlights one in its response, noting that in January 2016, eight months before the charged conspiracy, Vaughn responded to an inaccurate media report that the Ku Klux Klan was marching in Missouri, by saying that black people are the "[m]ost gullible people ever." Gov't Memo at 16, n 5. Prosecutorial use of this type of statement requires great care and should not be applied to a different context eight months later.

Even in cases alleging discrimination, courts take great care to exclude all but the most probative comments due to their extremely prejudicial tendency. *See, e.g., Phoenix v. Coatesville Area Sch. Dist.*, 683 F. App'x 117, 120 (3d Cir. 2017) (excluding evidence of "vile" and "racist" text messages in an employment termination lawsuit because such speech was "not directly relevant to [the plaintiff's] discharge" and would lead to "unfair prejudice and confusion of the issues."). So here, the statement is not directed to Vaughn's sharing of the two memes eight months later and will cause irreparable prejudice and confusion. The depiction of a Hispanic woman in one of the memes helps show that the commentary in January is inapplicable to proving intent in a different context in November, will not truly add in any significant way to the government's other evidence of intent, and should be precluded whether or not Mr. Mackey testifies.

Dated: February 28, 2023

/s/ *Andrew J. Frisch*
Andrew J. Frisch
The Law Offices of Andrew J. Frisch, PLLC
40 Fulton Street, 17th Floor
New York, New York 10038
(212) 285-8000
*afrisch@andrewfrisch.com*

*Attorney for Douglass Mackey*