The Law Offices of
ANDREW J. FRISCH, PLLC
40 Fulton Street, 17th Floor
New York, New York 10038
212-285-8000

March 7, 2023

The Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

*Re: United States v. Douglass Mackey, Criminal Docket No. 21-0080 (NGG)*

Dear Judge Garaufis:

On behalf of Douglass Mackey, I write to register objections to the government's recently proffered chats as a supplement to Mr. Mackey's filings *in limine*.

The government has agreed to withdraw its proffer of some chats, reserving the right to revisit them should it conclude that the dynamics of the trial so warrant. Two examples are illustrative (though not exhaustive). *First*, some of the government's proffered chats serve to prove that Mr. Mackey was Ricky Vaughn. Mr. Mackey does not dispute that he was Vaughn, and the parties may formally so stipulate to permit the government to pare down its presentation. *Second*, some of the government's proffered chats serve to prove that Mr. Mackey was aware of Vaughn's online popularity, which awareness is not in dispute. Needless to say, both parties reserve the right to revisit their pretrial positions as may become warranted as the trial unfolds.

A separate issue will likely require further briefing. While no decision has been made as to whether or not Mr. Mackey will testify at trial, he will seek to preclude cross-examination aimed at establishing that racist or misogynist views are relevant to his intent. I mention the issue now to flag it because it is so important. Mr. Mackey is on trial for injuring the right to vote by means of "deceptive images," not racial or gender discrimination or committing a bias or hate crime. Whether or not Mr. Mackey harbors any racist or misogynist view, any such evidence in the government's case or on cross-examination would unduly inject inferences of racism and misogyny into the trial that would unduly impair the jury's ability to determine if Mr. Mackey acted with intent to injure the free exercise of the right to vote. In addition, the government may seek to cross-examine Mr. Mackey about chats on other prejudicial issues which it does not intend to use on its case-in-chief. It is my current intention to brief all these issues in a separate submission.

As for the objections addressed herein, a prosecutor's right to use protected speech among people assembled to share and advance political views does not mean, to borrow from Cole Porter, that almost anything goes. The Court must still balance competing interests to determine what is more probative than prejudicial, what would unduly serve to chill the rights to speech and association, and what is unduly cumulative and unnecessary. Mr. Mackey does *not* object to proffered chats that establish Vaughn's understanding of his online popularity, the use of memes and hashtags to disseminate messages, the importance of turnout in the Presidential Election of 2016, and his advocacy for candidate Trump. From this evidence and the two memes at issue, the government will press inferences of intent to injure the right to vote.

Other proffered chats, however, are objectionable for one or more reasons. Some proffered chats reflect aspects of the speaker's ideology, creating an unduly prejudicial risk of turning the trial into a political referendum. Precisely because "we protect the freedom to express even 'the thought that we hate'" [*Volokh v. James*, 1:22-cv-10195 (S.D.N.Y. Feb. 14, 2023) Docket No. 45 at 1 ((quoting *Matal v. Tam*, 137 S. Ct. 1744, 1764 (2017)), the government must show why speech that incorporates expressions of ideology are sufficiently probative of a charged crime, if at all, so that the balancing under Rule 403 favors use of protected political speech; why an inference of criminal intent cannot otherwise be pressed without unduly chilling speech and inflaming or confusing jurors; and why proffered chats in this category are not otherwise cumulative.

Further, application of principles of conspiratorial liability to an online chat group of politically like-minded people requires a different approach than, for example, members of organized crime meeting in a restaurant. While the chats here are not necessarily constitutionally off-limits, care is required to assure that the speakers are part of the specifically charged conspiracy to disseminate the two memes, not an overarching assembly of chatters who share political views or favor strategies that might offend, but are legal and do not involve disinformation about the right to vote. Chats proffered by the government are especially deserving of scrutiny where, as is often the case here, Mr. Mackey did not participate, and the government presses incriminating inferences from membership in an overarching group convened to advance legal political discourse. Even if proffered for the purpose of background and context, such evidence does not negate the balancing required under Rule 403 nor swallow the standard for introduction of coconspirator statements.

In addition, some of the government's proffered chats, identified below, take direct aim at general anonymity sought by Mr. Mackey well before the charged conspiracy and not in connection with any attempt to injure the right to vote. The government's inference of something nefarious from a desire to publish anonymously goes to the heart of the First Amendment. *See "Anonymous criticism helped make America great: Trump's critic is utilizing a practice employed by many of the Founding Fathers to protect truth from power,"* The Washington Post, Sept. 8, 2018 ("anonymous publication has been an essential feature of American democracy since its beginning. It has long allowed vulnerable voices to participate in public politics and speak truth to power. Indeed, anonymous debate was at the center of the

2

revolutionary politics that led to American independence, the U.S. Constitution and the Bill of Rights, which enshrined the press freedoms that continue to protect anonymous speech today."). For this reason, it is fair for the government to reveal Ricky Vaughn as Douglass Mackey for purpose of this case, but another thing entirely to press an incriminating inference from his general desire to publish anonymously untethered from the subject memes. *See Mirz v. Yelp, Inc.*, 2021 U.S. Dist. LEXIS 160961 (S.D.N.Y. Aug. 25, 2021).

To facilitate this discussion, the government will provide the Court with seven separately-named volumes of numbered chats.[1] This letter identifies objections by volume and page number therein. The specific objections noted below are intended as summaries of the discussion above; this exercise is cumbersome and does not readily allow for a mini-brief for each challenged chat.

**Tweets**

| | |
|---|---|
| 5 | Political speech with little or no value to the charged conspiracy; it comes a year before the Election of 2016; and the government has other evidence of Vaughn's use of memes; |
| 7 | Political speech with little or no value to the charged conspiracy; |
| 11 | Political speech with little or no value to the charged conspiracy; |
| 29 | Political speech with little or no value to the charged conspiracy; |
| 31 | Political speech with little or no value to the charged conspiracy and unduly prejudicial; |
| 33 | Political speech with little or no value to the charged conspiracy and unduly prejudicial; |
| 34 | Political speech with little or no value to the charged conspiracy; |
| 38 | Political speech with little or no value to the charged conspiracy and unduly prejudicial; |
| 40 | Political speech with little or no value to the charged conspiracy and unduly prejudicial; |
| 42-46 | Political speech with little or no value to the charged conspiracy and unduly prejudicial; |
| 53 | Irrelevant; other cited people are not involved in the deceptive memes; |
| 54, 58-60, 63-64, 66-68, 72, 120-22, 124, 129: | Cumulative of 55-57, here and elsewhere within its proffer, the government seeks to offer too much evidence of the "Draft Our Daughters" memes and related content, which was legal; |
| 60 | Unduly prejudicial reference to Islamaphobia; |
| 62 | Political speech with little or no value to the charged conspiracy and unduly prejudicial (unlike 55-57, it is not a meme); |
| 69 | Irrelevant and unduly prejudicial; |
| 70-71 | Political speech with little or no value to the charged conspiracy and unduly prejudicial; |
| 89 | Political speech with little or no value to the charged conspiracy and unduly prejudicial; and out of context and incomplete; it responds to a tweet in which a non-conspirator tweeted bout closure of polling places in the South; |
| 90-96 | Political speech with little or no value to the charged conspiracy and unduly prejudicial. |

---

[1] The government has marked certain pages or portions of its proffered chats in red, indicating its current intention not to seek to introduce such pages or portions.

**Madman #1**

| | |
|---|---|
| 3 | Line 5, the words "of the Alternative Right Movement" should be struck; Vaughn was not such a leader, and it is a random opinion from a non-conspirator; |
| 9 | The entire page is political speech with no connection to the charged crime; to the extent offered to show Vaughn's awareness of his perceived power of retweeting it is cumulative of many other tweets and retweets; |
| 11-12 | Political speech with little or no value to the charged conspiracy and unduly prejudicial; if offered for Vaughn's use of the word "Fam," it is cumulative of other multiple references. |

**Madman #2**

| | |
|---|---|
| 2 | Improper use of Vaughn's wish (in April 2016) to publish anonymously; |
| 10-14 | Political speech with little or no value to the charged conspiracy and unduly prejudicial, especially because the images suggest Muslims in the context of the travel ban and its purported target of terrorists; if offered to use of memes or messaging, they are cumulative; |
| 15 | Referenced to "Crooked Hillary" is inflammatory with no probative value; |
| 30 | Vaughn's line in the tweet "Dems rig the nomination for the weakest candidate in history" is political opinion which itself has no probative value; |
| 31 | Political speech with little or no value to the charged conspiracy; if offered to show the use of memes, it is cumulative; |
| 35 | The bottom three lines are political speech with little or no value to the charged conspiracy; |
| 41, 45 | Political speech with little or no value to the charged conspiracy; if offered to show the use of memes, it is cumulative and does not involve Vaughn; |
| 50 | Political speech with little or no value to the charged conspiracy; |
| 57 | Irrelevant with no probative value and not involving Vaughn; |
| 59,61 | Political speech with little or no value to the charged conspiracy, the photograph is real, and its use risks offending Clinton supporters; |
| 68-87 | Vaughn was not a participant in any of these chats; Page 68, line 1 is political speech with no probative value; |
| 80 | Photograph of President Biden is unduly prejudicial and irrelevant because it wasn't used in the subject memes and is otherwise cumulative of other memes; |
| 87, 91 | These chats about Vaughn's suspension are hearsay and not said to Vaughn; |
| 89 | This statement is irrelevant; it has not made to Vaughn, and conflates use of memes generally with the subject memes which are the subject of the chats; |
| 90 | The second line, which comes twelve hours after the fist line, has neither purpose other than to inflame the jury. |

**Micro Chat #2**

3-4    Political speech with little or no value to the charged conspiracy;
6-23   Vaughn does not participate;
8      Irrelevant; this page has nothing to so with the charged crime; to the extent offered to prove use of memes it is cumulative;
9      Unduly prejudicial, not involving Vaughn, cumulative if offered to show use of memes;
19     Bismarck's statement that "he had black ones too" has no probative value and does not further the conspiracy;
23     This page comes after the memes are posted on November 1, 2016, and Vaughn has nothing to do with this meme or this chat.

**Draft DM's**

3      Improperly infers something incriminating (in 2015, a year before the conspiracy) from a general wish to publish anonymously;
10     The context of the chat is a false report of a march of the Ku Klux Klan in Missouri in November 2015, a year before the charged conspiracy [*see "MSA president apologizes for sharing false rumors of KKK on MU campus,"* KRCGTV.com, Nov. 11, 2015;[2]]; it was an exaggerated reaction to an event with no true connection to the charged crime and is otherwise inflammatory and unduly prejudicial;
37     The statement "Crooked Hillary created ISIS with Obama" is irrelevant and unduly prejudicial; if offered to show Vaughn's use of messaging techniques, it is cumulative;
49-50  Political speech with little or no value to the charged conspiracy;
53-57  Political speech with little or no value to the charged conspiracy not involving Vaughn;
56     "HillaryHatesAmericans" was nether said by nor in the presence of Vaughn and us unduly prejudicial; to the extent offered to show the use of memes, it is cumulative;
67-68  Vaughn is not a participant in this chat;
73     The chat is irrelevant, misleading because it is about voter fraud generally, not the charged meme, and does not involve Vaughn;
74     Photograph of President Biden is unduly prejudicial and irrelevant because it wasn't used in the subject memes and is otherwise cumulative of other memes;
81-82  This chat is misleading because it does related to the subject memes nor to any memes that are illegal and is otherwise cumulative.

---

[2] *https://krcgtv.com/news/local/missouri-student-association-president-apologizes-for-sharing-false-information*

**War Room**

1-3    Political speech with little or no value to the charged conspiracy;
5    Unduly prejudicial because it shows Trump with an assault rifle at the border apparently shooting Mexicans; if offered to show use of memes, it is cumulative;
6    Unduly prejudicial because it appears to show Trump stomping Clinton in the neck with a weapon; if offered to show use of memes, it is cumulative;
7-10    Political speech with little or no value to the charged conspiracy;
12-13    Political speech with little or no value to the charged conspiracy;
15    Irrelevant;
18-30    Political speech with little or no value to the charged conspiracy (except the first two lines of page are not objectionable), including about John Podesta's emails, a real trend of "Blacks for Trump," Wikileaks, an allegation of rape against Trump, faux support for Jill Stein, Russian aggression, voting by illegal aliens, and prospective nuclear war;
31    Inflammatory fake image of ICE arresting Latinos – not involving Vaughn;
32-37    Vaughn did not participate in these chats;
46    Political speech with little or no value to the charged conspiracy; if offered to show the use of hashtags, is cumulative;
47    This page comes after the memes are posted on November 1, 2016, and Vaughn has nothing to do with this meme or this chat;
48    Political speech with little or no value to the charged conspiracy after the subject memes are posted and has no relevance;
49    Political speech not involving Vaughn with little or no probative value.

**Fed Free Hate Chat**

11    The conversation is not about deception or voting, it's about bias and prejudice which is unduly inflammatory with no true probative value;
28    The fifth line, not said by Vaughn or a conspirator, is unnecessary and not related to the allegedly deceptive memes; the line can be deleted without losing the context of Vaughn's subsequent statement;
56    The speaker is not a conspirator and Vaughn did not participate nor answer;
79    Political speech with little or no value to the charged conspiracy after the subject memes are posted and has no relevance to the subject memes.

                Respectfully submitted,

                */s/ Andrew J. Frisch*
                Andrew J. Frisch

cc:  AUSA Erik Paulsen
     AUSA Turner Buford
     AUSA William Gullotta