EDP/WJG/FTB
F. #2018R02250

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    -against-                   Docket No. <u>21-CR-080 (NGG)</u>

DOUGLASS MACKEY,
   also known as "Ricky Vaughn,"

                  Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

<u>THE GOVERNMENT'S REQUESTS TO CHARGE</u>

                        BREON PEACE
                        UNITED STATES ATTORNEY
                        Eastern District of New York
                        271 Cadman Plaza East
                        Brooklyn, New York 11201

                        COREY R. AMUNDSON
                        Chief
                        Criminal Division, Public Integrity Section
                        130-1 New York Ave. NW, Tenth Floor
                        Washington, D.C.  20004

Erik D. Paulsen
F. Turner Buford
Assistant U.S. Attorneys
    (Of Counsel)

William J. Gullotta
Trial Attorney
    (Of Counsel)

<u>PRELIMINARY STATEMENT</u>

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the government respectfully requests that the Court include the following instructions in its charge to the jury.  The government also requests leave to offer additional instructions as may become appropriate during the course of the trial.

The submitted requests address the essential elements of the crime charged in the Indictment and certain matters of evidence that the government believes may require instruction to the jury.

The government also respectfully requests that copies of the jury instructions be provided to the jurors during their deliberations.

REQUEST NO. 1

General Requests

The government requests that the Court charge the jury in its usual manner on the following subjects:

a.      The Role of the Court and the Duties of the Jury;

b.      Equality of the Parties Before the Court;

c.      Jury Communications with Lawyers and the Court;

d.      Presumption of Innocence;

e.      Burden of Proof and Reasonable Doubt;

f.      Function of the Indictment and What Is Not Evidence;

g.      Meaning of "and" in the Indictment;

h.      Circumstantial Evidence and Direct Evidence;

i.      Permissible Inferences Drawn from the Evidence;

j.      Credibility of Witnesses and Discrepancies in Testimony;

k.      Objections;

l.      Defendants' Right Not to Testify (if applicable);

m.      Testimony of Defendant (if applicable);

n.      Questioning Wisdom of Law or Basing Verdict on Sympathy or Prejudice Prohibited;

o.      Considerations of Punishment Not the Province of the Jury;

p.      Jury's Right to See Exhibits and Have Testimony Read During Deliberations; and

q.      Impeachment by Prior Inconsistent Statements

<u>REQUEST NO. 2</u>

<u>Dates Approximate</u>

The Indictment charges "in or about" and "between" certain dates.  The proof need not establish with certainty the exact date of an alleged offense, and the government does not have to prove that the defendant committed the charged crime throughout the entire period.  It is sufficient if the evidence establishes beyond a reasonable doubt that an offense was committed during any part of the charged time frame.  The law only requires substantial similarity between the dates alleged in the Indictment and the dates established by testimony or exhibits.

<u>Authority</u>:      Adapted from Sand et al., <u>Modern Federal Jury Instructions</u>
(hereinafter "<u>Sand</u>"), Instruction 3-12; charge of the Hon.
Pamela K. Chen, <u>United States v. Napout,</u> E.D.N.Y., 15-CR-252
(hereinafter "Napout"); charge of the Hon. Eric N. Vitaliano,
<u>United States v. Johnson</u>, E.D.N.Y., 15-CR-227 (hereinafter
"<u>Johnson</u>"); charge of the Hon. Nicholas G. Garaufis, <u>United
States v. Asainov</u>, E.D.N.Y., 19-CR-402 (hereinafter
"Asainov").

<u>REQUEST NO. 3</u>

<u>Conspiracy in Violation of 18 U.S.C. § 241</u>

The indictment charges that from in or about and between September 2016 and November 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant DOUGLASS MACKEY, also known as "Ricky Vaughn," together with others, conspired to injure, oppress, threaten and intimidate one or more persons in the free exercise and enjoyment of a right and privilege secured to them by the Constitution and laws of the United States, to wit: the right to vote.

The relevant statute is Section 241 of Title 18 of the United States Code, which is entitled "Conspiracy Against Rights."  It provides, in relevant part:

> If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having exercised the same . . . [t]hey [shall be punished].

I hereby instruct you that the right of qualified voters to vote in a federal election is secured to them by the Constitution and laws of the United States.

In order to establish that the defendant entered into a conspiracy against rights, as charged in the Indictment, the government must prove each of the following elements beyond a reasonable doubt:

<u>First</u>, that two or more persons entered into the particular unlawful agreement charged in the conspiracy count; and

6

Second, that the defendant knowingly and intentionally became a member of the conspiracy.

I will now explain each of the elements further.

<u>First Element – Existence of the Conspiracy</u>

The first element requires that the government prove that at least two conspirators had a meeting of the minds, and that they agreed to work together to accomplish the object of the charged conspiracy. A conspiracy is an agreement by two or more persons to accomplish some unlawful purpose. It is sometimes referred to as a criminal partnership. The persons need not agree on every detail of their venture, but they must agree on the essential nature of their plan to achieve a specified unlawful act. Nor does the government have to prove that each member of the conspiracy knew all the other members of the conspiracy, or was aware of their roles.

A conspiracy is in and of itself a crime. It is not necessary for the government to prove that the ultimate objectives of the conspiracy were successfully accomplished. It is enough if the Government has proved that two or more persons – one of whom is the defendant – in any way, expressly or impliedly – came to a common understanding to commit an unlawful act. The United States Congress has deemed it appropriate to make conspiracy a separate crime. That is because collective criminal activity poses a greater threat to the public's safety and welfare than individual conduct, and increases the likelihood of success of a particular criminal venture.

To establish a conspiracy, the government is not required to prove that the conspirators sat around a table and entered into a solemn contract, orally or in writing, stating

7

that they have formed a conspiracy to violate the law, setting forth details of the plans, the means by which the unlawful project is to be carried out, or the part to be played by each conspirator.  Common sense would suggest that when people do, in fact, undertake to enter into a conspiracy, much is left to an unexpressed understanding.  A conspiracy, by its very nature, is almost invariably secret in both origin and execution.  Therefore, it is sufficient for the government to show that the conspirators somehow came to a mutual understanding, even if tacitly, to accomplish an unlawful act by means of a joint plan or common scheme.

Because conspiracy is usually characterized by secrecy, you may infer its existence from the circumstances and the conduct of the parties and others involved.  The agreement of the parties may be implicit in a working relationship between them that has never been articulated, but nevertheless amounts to a joint criminal effort.  You may consider the actions and statements of all of these persons in deciding whether a common design existed to act together for the accomplishment of an unlawful purpose.  In short, you may consider all the evidence before you, and the reasonable inferences that may be drawn from all this evidence.

Also, it is not necessary for the government to prove that the conspiracy lasted throughout the entire period alleged in the Indictment, but only that it existed for some time within that period.

Second Element – Defendant's Membership in the Conspiracy

The second element requires that the government prove that the defendant became a member of the conspiracy with knowledge of its criminal goal and intending by his actions to help it succeed.  That is, you must determine whether he knowingly and

8

intentionally became a participant in the conspiracy.  A defendant generally acts "knowingly" if he acts purposely and voluntarily, and not because of ignorance, mistake, accident or carelessness.  A defendant generally acts "intentionally" when the defendant's conduct is the product of the defendant's conscious objective, rather than the product of mistake or accident.

The defendant's knowledge is a matter of inference from the facts proved.  To become a member of the conspiracy, the defendant need not have known the identities of every member, nor need he have been apprised of all of their activities.  The defendant need not have been fully informed of all the details, or the scope, of the conspiracy in order to justify an inference of knowledge on his part.

The defendant need not have joined in all of a conspiracy's unlawful objectives.  A conspirator's guilt is not measured by the extent or duration of his participation.  In other words, the law does not require the defendant to play an equal role in the conspiracy as another defendant or conspirator.  Some conspirators may play major roles, while others may play minor ones.  Each member may perform separate and distinct acts and may perform them at different times.  Even a single act may be sufficient to draw the defendant within the circle of a conspiracy.  A person who intentionally joins an existing conspiracy is charged with the same responsibility as if he or she had been one of the originators or instigators of the conspiracy.

Thus, if you find that the conspiracy existed, and if you further find that the defendant participated in it knowingly and intentionally, the extent or degree of his participation is not material.  The government also need not prove that the defendant actually

9

committed the unlawful act or acts charged as the objective of the conspiracy.  Instead, the

government must prove beyond a reasonable doubt only that the purpose of the conspiracy

was to commit an act or acts that are unlawful.

I want to caution you, however, that the defendant's mere presence at the

scene of criminal activities, or at locations frequented by criminals, does not, by itself, make

him or her a member of the conspiracy.  Similarly, mere association with one or more

members of the conspiracy does not automatically make the defendant a member.  A person

may know or be friendly with a criminal without being a criminal himself or herself.  Indeed,

a person may be a criminal without being a member of the charged conspiracy.  Mere

similarity of conduct or the fact that individuals may have assembled together and discussed

common aims and interests does not necessarily establish proof of the existence of a

conspiracy.

I further caution you that mere knowledge or acquiescence without

participation in the unlawful plan is not sufficient.  The fact that the acts of the defendant

merely happen to further the purposes or objectives of the conspiracy, without his

knowledge, does not make that defendant a member.  More is required under the law.  What

is necessary is that the defendant must have participated with knowledge of at least some of

the purposes or objectives of the conspiracy and with the intention of aiding in the

accomplishment of those unlawful ends.  Thus, while someone who is present during a

conspiracy is not necessarily a member, you may find that the defendant knowingly and

willfully became and was a member of a conspiracy if you find that his presence was

10

purposeful—that is, the defendant's presence on one or more occasions was intended to serve the purposes of the conspiracy.

The Indictment alleges that the objective of the charged conspiracy was to "injure, oppress, threaten and intimidate one or more persons in the free exercise and enjoyment of their right to vote." The government must therefore prove beyond a reasonable doubt that the defendant knowingly and intentionally joined the conspiracy with the intent to further that objective. In this case, the government has alleged that the object of the conspiracy was specifically to "injure" one or more persons in the free exercise and enjoyment of their right to vote. I instruct you that the word "injure" includes conduct intended to prevent or inhibit the free actions of other persons – it does not require the possibility of physical force or physical harm. Thus, conduct that makes the right to vote more difficult, or in some way prevents voters from exercising their right to vote can constitute an "injury" within the meaning of the law. I further instruct you that the government must prove that the intended victims of the conspiracy were present in any state, district, or territory of the United States, although I again remind you that the government does not have to prove that the conspiracy actually succeeded in accomplishing its unlawful goal for you to find the defendant guilty.

The key inquiry is whether the defendant joined the conspiracy charged in the Indictment with knowledge of the basic aim and purpose of the unlawful agreement and with the intent to help it succeed. If, upon considering all the evidence, direct and circumstantial, you are not satisfied beyond a reasonable doubt that the defendant knowingly became a member of the conspiracy charged in the Indictment, then you cannot find him guilty. If, on

11

the other hand, upon considering all the evidence, you find that the government has met its

burden of proving that the defendant knowingly became a member of the conspiracy charged

in the Indictment, then you should render a verdict of guilty.

Authority:     Adapted from <u>Napout</u>; <u>Weaver</u>; <u>Asainov</u>; charge of Hon.
Pamela K. Chen, <u>United States v. O'Sullivan, et al.</u>, E.D.N.Y.,
20-CR-272 (hereinafter "<u>O'Sullivan</u>"); <u>Sand</u>, Instructions 17-32
to 17-36; Memorandum & Order dated Jan. 23, 2023, <u>United
States v. Mackey</u>, E.D.N.Y., 21-CR-080, slip op., ECF No. 54,
at 32-36 (hereinafter "<u>Mackey</u>").

12

<u>REQUEST NO. 4</u>

<u>Venue</u>

The indictment alleges that the crime charged occurred in part in this judicial district, which is the Eastern District of New York.  This district encompasses the boroughs of Brooklyn, Queens, and Staten Island, as well as Nassau and Suffolk Counties on Long Island, and the waters within Manhattan and the Bronx, which include the waters surrounding the island of Manhattan that separate Manhattan from the other boroughs of New York City and from the State of New Jersey, as well as the air space above the district or the waters in the district.

To establish that venue for a charged crime is appropriate in this district, the government must prove that some act in furtherance of the crime occurred here, in the Eastern District of New York.  This means that with respect to the crime charged, even if other acts were committed outside this district or if the crime was completed elsewhere, venue is established in the Eastern District of New York so long as some act in furtherance of the crime took place in this district.  Indeed, a defendant need not personally have been present in the district for venue to be proper.  Venue turns on whether any part of the crime or any act in furtherance of the offense was committed in the district.  Venue is proper in a district where the defendant intentionally or knowingly causes an act in furtherance of the charged offense to occur or where it is foreseeable that such an act would occur in the district.  In a conspiracy, such as the one charged here, actions of co-conspirators, as well as actions caused by co-conspirators, may be sufficient to confer venue if it was reasonably foreseeable to the defendant that the acts would occur in the Eastern District of New York.

In determining whether some act in furtherance of the crime you are considering occurred in the Eastern District of New York, you may consider a number of things.  Venue can be conferred based on physical presence or conduct, and passing through a district, including through or over waters, is sufficient to confer venue.  Venue can be based on electronic impulses, including electronic communications or data transfers, passing through a district.  Venue lies in any district where electronic communications are sent or received and any district through which electronic communications are routed.  Venue is proper where a telephonic communication in furtherance of a crime was made and where it was received.  The government need not prove all of these bases of venue; any one is sufficient.

So, in this case, venue may be found if you were to conclude that the evidence established any of the following:

- Either the defendant, or a co-conspirator, or an innocent non-conspirator (caused to act by members of the conspiracy) "tweeted" an allegedly deceptive image into the Eastern District in furtherance of the alleged scheme, provided that, if tweeted by someone other than the defendant, that act was reasonably foreseeable to the defendant; or

- The allegedly deceptive images sent by the defendant in furtherance of the conspiracy had passed through the Eastern District of New York as they were transmitted to Twitter's servers and beyond, or if deceptive images sent by others in furtherance of the conspiracy had foreseeably passed through the Eastern District of New York as they were transmitted to Twitter's servers and beyond; or

- That the allegedly deceptive images were viewed in the Eastern District and that such viewing (even if innocent) was a foreseeable overt act furthering the ends of the conspiracy.

While the government's burden as to everything else in the case is proof beyond a reasonable doubt, a standard that I have already explained to you, the government

14

must prove venue by the lesser standard of preponderance of the evidence.  To establish a fact by a preponderance of the evidence means to prove that fact is more likely true than not. A preponderance of the evidence means the greater weight of the evidence, both direct and circumstantial.

Authority:       Adapted from charge of Hon. Margo K. Brodie, <u>United States v.</u> <u>Ng Chong Hwa</u>, E.D.N.Y., 18-CR-538; <u>Mackey</u>, at 17-21.

<u>REQUEST NO. 5</u>

<u>Uncharged Acts (If Applicable)</u>

You have heard evidence that the defendant engaged in conduct other than the crime charged in the Indictment.  The defendant is not on trial for committing any acts not charged in the Indictment.  Consequently, you may not consider evidence of those other acts as a substitute for proof that the defendant committed the crime charged in this case.  Nor may you consider evidence of those other acts as proof that the defendant has a propensity for certain conduct or a bad character; that is, you may not conclude that the defendant likely committed the crime charged in the Indictment because he was predisposed to certain conduct.

The evidence of the other acts was admitted for much more limited purposes and you may consider it only for those limited purposes, which I will now describe.

You may only consider evidence of other uncharged acts:

- As evidence of the defendant's motive in carrying out the charged crimes;

- As evidence of the defendant's knowledge and intent in carrying out the charged crimes;

- As evidence of the development of relationships of mutual trust between the defendant and others with whom he or she is alleged to have carried out the charged crimes;

- As evidence of conduct that is inextricably intertwined with evidence of the charged crimes;

- As evidence enabling you to understand the complete story of the charged crimes; and

16

- As evidence corroborating the testimony of other government witnesses.

Evidence of uncharged conduct by the defendant may not be considered by you for any purpose other than the ones I have just listed.

Authority:   Adapted from Sand, Instruction 5-25; charge of Hon. Edward R. Korman, United States v. Abboud, E.D.N.Y., 16-CR-396 (hereinafter "Abboud"); O'Sullivan.

<u>REQUEST NO. 6</u>

<u>Stipulations</u>

The parties have stipulated to certain facts in this case.  Such a stipulation is an agreement among the parties that a certain fact is true.  When the attorneys on both sides stipulate and agree as to the existence of a fact, you must accept the stipulation as evidence, and regard that fact as proved.

<u>Authority</u>:     Adapted from Sand, Instruction 5-6; <u>Johnson</u>; <u>Abboud</u>;
              <u>O'Sullivan</u>.

REQUEST NO. 7

Co-Conspirator Statements

I admitted into evidence against the defendant the acts and statements of others because these acts and statements were committed by persons who, the government charges, were also co-conspirators of the defendant on trial.

The reason for allowing this evidence to be received against the defendant has to do with the nature of the crime of conspiracy.  As I have explained, a conspiracy is often referred to as a partnership in crime.  Thus, as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.

Accordingly, the reasonably foreseeable acts, declarations, statements, and omissions of any member of the conspiracy and in furtherance of the common purpose of the conspiracy are deemed, under the law, to be the acts of all of the members.  All of the members are responsible for such acts, declarations, statements, and omissions.

Thus, if you find, beyond a reasonable doubt, that the defendant was a member of the conspiracy charged in the Indictment, any acts done or statements made in furtherance of the conspiracy by persons also found by you to have been members of that conspiracy, may be considered against that defendant so long as the acts or statements were reasonably foreseeable to the defendant.  This is so even if such acts were done and statements were made in a defendant's absence and without his or her knowledge.

However, before you may consider the statements or acts of a co-conspirator in deciding the issue of the defendant's guilt, you must first determine that the acts and

19

statements were made during the existence, and in furtherance, of the alleged unlawful scheme.  If the acts were done or the statements made by someone whom you do not find to have been a member of the conspiracy, or if they were not done or said in furtherance of the conspiracy, they may not be considered by you as evidence against the defendant.

Authority:      Adapted from Sand, Instruction 19-9; Napout; Johnson; O'Sullivan.

REQUEST NO. 8

Law Enforcement Witness Testimony

During the trial, you heard testimony from one or more law enforcement officers.  The fact that a witness is or was employed by a government as a law enforcement officer does not mean that his or her testimony is deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

It is for you to decide, after weighing all the evidence and in light of the instructions I have given you about the factors relevant to determining the credibility of any witness, whether to accept the testimony of a law enforcement witness, and what weight, if any, that testimony deserves.

Authority:    Adapted from Sand, Instruction 7-16; Napout.

<u>REQUEST NO. 9</u>

<u>Expert Witness Testimony (If Applicable)</u>

During the trial, you heard certain witnesses express their opinions about matters that are at issue.  A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience, and training.  Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony.  You may give the opinion testimony whatever weight, if any, you find it deserves in light of all of the evidence in this case.  You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion.  Nor should you substitute it for your own reason, judgment, and common sense. The determination of the facts in this case rests solely with you.

<u>Authority</u>:     Adapted from Sand, Instruction 7-21; <u>Napout</u>; <u>Asainov</u>.

## REQUEST NO. 10

### Character Witness Testimony (If Applicable)

The defendants have called witnesses who testified to their good reputation in the community and good character.  This testimony should not be taken by you as the witness's opinion as to whether a particular defendant is guilty or not guilty.  That question is for you and you alone to determine.  You should, however, consider this reputation and character evidence together with all the other evidence in the case in determining whether the defendant is guilty or not guilty of the charges.

Such character evidence alone may indicate to you that it is improbable that a person of good reputation would commit the offenses charged.  Accordingly, if after considering all the evidence, including that of the defendant's good reputation and character, you find a reasonable doubt has been created, you must acquit him or her of all the charges.

On the other hand, if after considering all the evidence, including that of the defendant's reputation and character, you are satisfied beyond a reasonable doubt that the defendant is guilty, you should not acquit the defendant merely because you believe him or her to be a person of good character or reputation.

Authority:    Adapted from Sand, Instruction 5-15; Johnson.

<u>REQUEST NO. 11</u>

<u>Testimony of Cooperating Witness</u>

In the attorneys' opening and closing arguments, much was said about a so-called "cooperating witness" and about whether or not you should believe him.  The government argues, as it is permitted to do, that it must take the witnesses as it finds them.  It argues that only people who themselves take part in criminal activity have the knowledge required to show criminal behavior by others.  For those very reasons, the law allows the use of accomplice and co-conspirator testimony.  Indeed, it is the law in federal courts that the testimony of a single accomplice or co-conspirator may be enough in and of itself to sustain a conviction, if the jury finds that the testimony establishes guilt beyond a reasonable doubt.

However, it is also the case that cooperator testimony is of such a nature that it must be scrutinized with great care and viewed with particular caution when you decide how much of that testimony, if any, to believe.  I have given you some general considerations on credibility and I will not repeat them all here.  Nor will I repeat all of the arguments made on both sides.  Instead, I will say a few things that you may want to consider during your deliberations on the subject of the cooperating witness.  You should ask yourselves whether the witness would benefit more by lying or by telling the truth.  Was his testimony made up in any way because he believed or hoped that he would somehow receive favorable treatment by testifying falsely?  Or did he believe that his interests would be best served by testifying truthfully?  If you believe that the witness was motivated by hopes of personal gain, was this motivation one that would cause him to lie, or was it one that would cause him to tell the truth?  Did this motivation color his testimony at all?

24

If you think the cooperating witness's testimony was false, you should reject it. However, if after a cautious and careful examination of the cooperating witness's testimony you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly. As with any other witness, the issue of credibility need not be decided in an all-or-nothing fashion. Even if you find that a witness testified falsely in one part, you still may accept the witness's testimony in other parts, or you may disregard all the testimony. That is a determination left entirely for you, the jury.

You also heard testimony that the cooperating witness in this case has been promised that if he provides substantial assistance to the government and testifies truthfully, completely, and fully, the government will present to the sentencing court what is called a 5K1.1 letter, or a "5K letter." The 5K letter sets forth the cooperating witness's criminal acts as well as the substantial assistance the witness has provided. I instruct you that the 5K letter does not guarantee the cooperating witness a lower sentence. This is because the sentencing court may, but is not required to, take the 5K letter into account when imposing sentence on the cooperating witness. Thus, while the decision regarding whether to write the 5K letter rests with the government, the final determination as to the sentence to be imposed rests with the court.

Ultimately, you should look at all of the evidence in deciding what credence and what weight you give to the testimony of the cooperating witness.

Authority:    Adapted from Sand, Instruction 7-11; Ng; O'Sullivan; Asainov.

25

REQUEST NO. 12

Interviews of Witnesses

There was testimony at trial that attorneys interviewed witnesses when preparing for and during the trial.  You must not draw any unfavorable inference from that fact.  On the contrary, attorneys are obliged to prepare their case as thoroughly as possible, and, in the discharge of that responsibility, properly interview witnesses in preparation for the trial and from time to time as may be required during the course of trial.

Authority:     Adapted from Johnson; Abboud.

<u>REQUEST NO. 13</u>

<u>Uncalled Witness Equally Available to Both Sides (If Applicable)</u>

There are several persons whose names you have heard during the course of the trial but who did not appear here to testify, and one or more of the attorneys has referred to their absence from the trial.  I instruct you that each party had an equal opportunity, or lack of opportunity, to call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.  Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

<u>Authority</u>:     Adapted from Sand, Instruction 6-7; <u>United States v. Bahna</u>, 68
F.3d 19, 22 (2d Cir. 1995).

27

REQUEST NO. 14

Other Persons Not on Trial

You have heard evidence about the involvement of certain other people in the conduct referred to in the Indictment, besides the defendant and certain witnesses.  You may not draw any inference, favorable or unfavorable, toward the government or the defendant from the fact that certain persons are not on trial before you.  That these individuals are not on trial before you is not your concern.  You should neither speculate as to the reason these people are not on trial before you nor allow their absence as parties to influence in any way your deliberations in this case.  Nor should you draw any inference from the fact that any other person is not present at this trial.  Your concern is solely the defendant on trial before you.

Authority:      Adapted from Napout; Johnson; O'Sullivan.

<u>REQUEST NO. 15</u>

<u>Charts and Summaries (If Applicable)</u>

The parties presented exhibits in the form of charts and summaries.  I decided to admit these charts and summaries in place of the underlying documents that they represent in order to save time and avoid unnecessary inconvenience.  You should consider these charts and summaries as you would any other evidence.

It is for you to decide whether the charts or summaries correctly present the information contained in the testimony and in the exhibits on which they were based.  You are entitled to consider the charts and summaries if you find they are of assistance to you in analyzing and understanding the evidence.

<u>Authority</u>:      Adapted from Sand, Instruction 5-12; <u>Johnson</u>.

<u>REQUEST NO. 16</u>

<u>No Particular Proof or Specific Investigative Techniques Required</u>

A party is not required to call a particular witness or offer any specific item or types of evidence.  You may have heard argument about types of evidence that were not introduced in this case.  Although the government bears the burden of proof beyond a reasonable doubt, and although a reasonable doubt can arise from lack of evidence, I instruct you that there is no legal requirement that the government use any specific investigative techniques to prove its case.  Law enforcement techniques are not your concern.  Your concern is to determine whether or not, based upon all of the evidence in this case, the government has proven that the defendant is guilty beyond a reasonable doubt.

<u>Authority</u>:     Adapted from <u>Napout</u>; <u>Abboud</u>; <u>Asainov</u>.

<u>REQUEST NO. 17</u>

<u>All Available Evidence Need Not Be Produced</u>

The law does not require the government to produce all available evidence or call as witnesses all persons involved in the case who may have been present at any relevant time or place or who may appear to have some knowledge of a matter at issue in this trial. Nor does the law require any party to produce as exhibits all papers and other items mentioned during the course of the trial.  You are always entitled, however, to consider any lack of evidence in determining whether the government has met its burden of proof beyond a reasonable doubt.

<u>Authority</u>:      Adapted from <u>Abboud</u>; <u>Asainov</u>.

<u>CONCLUSION</u>

The government respectfully requests that the Court include the foregoing in its instructions to the jury.  In addition, the government requests the opportunity to submit further instructions, or amend those submitted, as appropriate.

Dated:      Brooklyn, New York
            March 13, 2023

                                        Respectfully submitted,

                                        BREON PEACE
                                        United States Attorney

                                        COREY R. AMUNDSON
                                        Chief
                                        Public Integrity Section, Criminal Division


                              By:      /s/
                                       Erik D. Paulsen
                                       F. Turner Buford
                                       Assistant U.S. Attorneys
                                       (718) 254-7000

                                       William J. Gullotta
                                       Trial Attorney
                                       (202) 514-0047


cc:    Clerk of the Court (by ECF)
       Defense Counsel (by Email and ECF)