**COURT EXHIBIT**

1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                    :

**UNITED STATES OF AMERICA,**
                                    :

              – against –         :  **JURY INSTRUCTIONS**

                                    :  21-CR- 0080(AMD)
**DOUGLASS MACKEY,**
                                    :

                      Defendant.   :
------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

Ladies and gentlemen of the jury, you have heard all the evidence in the case as well as the lawyers' arguments. I will now instruct you on the law that applies to this case. You have paid close attention to this case and I ask that you continue to do so as I give you these instructions. My instructions are divided into three parts.

First, I will instruct you about the general rules that define and govern your duties as jurors in a criminal case.

Second, I will give you instructions about the crime charged in this case and the elements that the government must prove beyond a reasonable doubt for the crime.

Third, I will give you some general rules about the process of your deliberations.

# Table of Contents

I.   GENERAL RULES AND DUTY OF THE JURY ................................................ 3
   A.   ROLE OF THE COURT AND OF THE JURY ........................................... 3
   B.   EVIDENCE ................................................................................................ 8

II.   THE LEGAL ELEMENTS OF THE CRIME CHARGED ............................ 26
   A.   APPROXIMATE DATE ........................................................................... 26
   B.   "AND" MEANS "OR" ............................................................................... 26
   C.   VENUE ...................................................................................................... 27
   D.   INTENT ..................................................................................................... 30
   E.   ACT AND STATEMENTS OF CO-CONSPIRATORS ......................... 31
   F.   INDICTMENT ........................................................................................... 32

III.   CLOSING INSTRUCTIONS ........................................................................ 42
   A.   FOREPERSON .......................................................................................... 42
   B.   DELIBERATIONS .................................................................................... 43
   C.   COMMUNICATION WITH THE COURT AND OTHERS ................... 44
   D.   RIGHT TO SEE EXHIBITS AND TESTIMONY ................................. 45
   E.   VERDICT ................................................................................................... 45
   F.   OATH REMINDER AND CLOSING REMARKS ................................. 46

# I.   GENERAL RULES AND DUTY OF THE JURY
## A. ROLE OF THE COURT AND OF THE JURY

I am going to begin by reminding you of your role as jurors and my role as the judge.

Your duty, as I mentioned in my opening instructions, is to find the facts from all of the evidence in this case. You are the sole judges of the facts, and it is for you and you alone to determine what weight to give the evidence, to resolve any conflicts in the evidence, and to draw those inferences that you believe are reasonable and warranted from the evidence.

My job is to instruct you on the law. You must follow the law as I give it to you and apply the law to the facts as you find them. It is your sworn obligation to follow the law as I describe it to you, whether you agree with that law or not. You should not be concerned about the wisdom of any rule of law that I state. Regardless of any opinion you may have about what the law may be—or should be—you would violate your oaths as jurors if you based your verdict on anything other than the law as I define it for you.

3

If the lawyers have said something about the law that differs from my instructions, you must ignore it and be guided only by what I instruct you on the law.  You should not single out any one instruction, but should consider my instructions as a whole.

Since it is your job—not mine—to find the facts, I have neither expressed nor implied an opinion about how you should decide the facts of this case.  You should not conclude from anything I have said or done during trial, including these instructions, that I have any opinion about the facts or the merits of this case.  For example, please do not assume that I have any opinion about the case because I asked a witness a question.  I do not.  Any question that I asked was either to make something clearer or to expedite the trial.  You should attach no special significance to my questions.  In determining whether a defendant is guilty or not guilty on any of these charges, you must not consider anything I have said or done.  I have no view about the guilt or innocence of the defendant.  It is your function to determine the facts, not mine.

1. <u>Equality of the Parties Before the Court</u>

The fact that the government is prosecuting this case in the name of the United States of America should not affect your evaluation of the evidence and facts before you. The government is not entitled to greater consideration than the defendant. By the same token, it is entitled to no less consideration. All parties—government or individuals—stand as equals in this court and are entitled to equal consideration. Neither the government nor the defendant is entitled to any sympathy or favor.

2. <u>No Basing Verdict on Sympathy or Bias</u>

It is your responsibility to decide the facts with complete fairness and impartiality and without any bias or prejudice or sympathy for any party. You must perform your duty as a juror with complete fairness and impartiality. You must consider the evidence carefully and impartially, follow the law as I give it to you, and reach a just verdict regardless of the consequences.

It would be improper for you to consider any feelings you might have about the defendant's race, religion, national origin, ethnic background, occupation, sex, age or political views. Every person is

entitled to the presumption of innocence, and the government has the same burden of proof as to every defendant. It would also be improper for you to allow any feelings you may have about the nature of the crime charged to influence your decision-making process.

### 3. Indictment, Burden and Presumption of Innocence

The indictment is a document that the government uses to give the defendant notice of the charges against him and to bring him before the court. The indictment is an accusation and nothing more. The indictment is not evidence and it is entitled to no weight in your determination of the facts.

The defendant has pled not guilty to the indictment. The burden is on the government to prove the defendant guilty beyond a reasonable doubt. This burden never shifts to the defendant. He does not have to prove that he is innocent; he does not have to present any evidence at all. If the government does not meet its burden of proving the defendant's guilt beyond a reasonable doubt, you must reach a verdict of not guilty.

The defendant is presumed to be innocent of the charge against him. The presumption of innocence alone, unless overcome by proof

6

beyond a reasonable doubt, is sufficient to reach a verdict of not guilty.
The defendant is presumed innocent unless and until you decide
unanimously that the government has met its burden and has proven him
guilty beyond a reasonable doubt. This presumption was with the
defendant when the trial began and remains with him now, and will
continue into your deliberations, unless and until you are convinced that
the government has proven his guilt beyond a reasonable doubt.

    4. <u>Reasonable Doubt</u>

What is a "reasonable doubt?" It is a doubt based upon reason and
common sense—the kind of doubt that would cause a reasonable person
to hesitate to rely on it and act on it in a matter of importance in his or
her personal life.

A reasonable doubt is not a caprice or whim; it is not speculation
or suspicion. It is not an excuse to avoid an unpleasant duty. It is not
based on sympathy. Proof beyond a reasonable doubt is not proof
beyond all doubt; rather, it is proof that is so convincing that a
reasonable person, based on that proof, would not hesitate to draw the
conclusion offered by the government.

If after fair and impartial consideration of all the evidence you heard in this trial, you have a reasonable doubt, it is your duty to acquit the defendant. On the other hand, if after fair and impartial consideration of all the evidence you have heard, you are satisfied of the defendant's guilt beyond a reasonable doubt, you should vote to convict.

5. Punishment

Under your oath as jurors, you are not permitted to consider the question of the punishment the defendant may receive if he is convicted. It is my duty, and my duty alone, to impose a sentence if a defendant is convicted. It is your job to weigh the evidence in the case and to determine whether the defendant is guilty beyond a reasonable doubt, solely on the basis of the evidence.

**B. EVIDENCE**

I will now talk to you about what is evidence and how you should consider it.

1. The Definition of Evidence

You must determine the facts in this case based only on the evidence presented, and on inferences that can reasonably be drawn

from that evidence.  The evidence consists of testimony from the witnesses on direct and cross examination, the physical exhibits that were admitted into evidence, and stipulations between the parties.  A stipulation is an agreement between the parties that certain facts are true. You should regard those agreed facts as true.

Certain things are not evidence and you should disregard them in deciding what the facts are in this case:

First, the arguments and statements by the lawyers, including their opening statements and closing arguments, are not evidence.  If a lawyer said something about the evidence in an opening statement or closing argument that conflicts with your recollection of the evidence, it is your recollection that governs.

Second, questions that a lawyer asked a witness that the witness did not answer are not evidence.

Third, objections to the questions or to exhibits are not evidence. Also, any statements the lawyers made when they objected are not evidence.  The attorneys have a right and a duty to object and request a sidebar conference when they believe that a question is improper, or that

evidence should not be received.  You should not be influenced by any objections or by any of my rulings on the objections.  If I sustained an objection, ignore the question.  If I overruled an objection, treat the answer like any other answer.

Fourth, any testimony or exhibits that I have stricken from the record and told you to disregard is not evidence.

Fifth, anything you may have seen or heard outside of the courtroom is not evidence.  Your verdict must be based solely upon the evidence presented at this trial, or the lack of evidence.  In this regard I have directed you not to read any newspaper articles, watch any television or listen to radio news about this case, or read anything on the Internet.  That instruction continues to the very end of the case, until after you have rendered your verdict.

2. Direct and Circumstantial Evidence

There are, generally speaking, two types of evidence: direct and circumstantial.  You may use both types of evidence in reaching your verdict in this case.

Direct evidence is testimony from a witness about something he or she knows from his or her own senses—something he or she has seen, felt, touched, tasted or heard.

Circumstantial evidence is proof of a chain of circumstances that point to the existence or nonexistence of certain facts. There is a simple example we use to describe circumstantial evidence. Suppose you came to court on a day when the weather was clear, sunny and dry. However, after you've been in the windowless courtroom for several hours, you see someone come in wearing a wet raincoat and another person shaking a wet umbrella. Now you cannot look outside of the courtroom and you cannot see whether or not it is raining. You have no direct evidence that it rained. But it would be reasonable and logical for you to infer from these circumstances—the wet coat, the dripping umbrella—that it rained outside while you were sitting in court.

That is all there is to circumstantial evidence. On the basis of reason, experience and common sense, you may infer the existence or nonexistence of a fact from one or more established facts. Inferences are conclusions that reason and common sense lead you to draw from the

facts that were established by the evidence. Use your common sense in drawing inferences. An inference is not a suspicion or a guess. It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact that you know exists. So, while you are considering the evidence presented to you, you are permitted to draw reasonable inferences from the proven facts in this trial.

The law makes no distinction between the weight to be given to direct or circumstantial evidence; one is not better than the other. You must base your verdict on a reasonable assessment of all the evidence in the case. I remind you that whether based upon direct or circumstantial evidence or upon logical, reasonable inferences drawn from the evidence, you must be convinced of the defendant's guilt beyond a reasonable doubt before you may convict.

### 3. Charts and Summaries

The government has presented exhibits in the form of charts and summaries. These charts and summaries were shown to you in order to save time, make certain evidence more meaningful, and to aid you in considering the evidence. It is for you to decide whether the charts or

summaries correctly present the information contained in the testimony and in the exhibits on which they were based. Because the charts and summaries were admitted into evidence, you may consider them as evidence, but you are to give them no greater consideration than you would give to the evidence upon which they are based.

### 4. Twitter

You may have seen evidence of instances in which Twitter did or did not suspend users for violating their terms of service. Twitter is a private company. Neither its internal rules nor its administration of these rules bear on whether those users' conduct, including the defendant's, violated the law.

### 5. Witness Testimony

#### a.   Witness Credibility

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. There is no magical formula that you use to judge a witness' testimony. You all make these decisions in your own lives, and the standards you use in your own lives are the same standards you should use here. Your determination of credibility

depends upon the impression that a witness made on you as to whether that witness was telling the truth or giving you an accurate version of what occurred. One of the best tools that you have is your common sense. In making your decision, you may take into account any number of factors, including the following:

- Did the witness have the opportunity to see, hear and know about the events he or she described?

- Could the witness remember and describe those things accurately?

- How did the witness testify? Was the witness honest and forthright? Did it seem like the witness was hiding something? Was the witness evasive? Did the witness testify differently on direct examination than on cross-examination?

- Was the witness' testimony reasonable in light of all other evidence in the case?

- Did the witness have any possible interest in the outcome of the trial?

- Was the witness' testimony contradicted by his or her other testimony, by what that witness said or did on a prior occasion, by other witnesses' testimony, or by other evidence?

Inconsistencies or discrepancies in witness testimony, or among the testimony of different witnesses, may or may not cause you to

discredit a witness' testimony.  If there is a discrepancy or an inconsistency, you should consider whether it relates to an important fact or whether it is an unimportant detail, whether it was intentional or was the result of an innocent mistake, and whether the witness had a common-sense explanation for the inconsistency.  If you determine that a witness has purposely lied to you, that is important and you should consider it seriously.

A witness' testimony may be discredited or impeached by showing that the witness previously made statements that are inconsistent with the witness' testimony in front of you.  It is your job to determine the weight, if any, to be given to all or part of the testimony of a witness who has been impeached by prior inconsistent statements.  You should first determine whether the prior statement is inconsistent.  If you find that a witness made an inconsistent statement, you may consider that fact in your assessment of that witness' credibility.  You may consider whether you believe the witness or accept his or her testimony even though there was a prior inconsistent statement.  In making this determination, you should consider the importance of the subject matter

of the statement.  If you find that the matter is relatively unimportant, you may decide not to attach much significance to the inconsistency.  If you find that the matter is important, you may decide it casts substantial doubt on the witness' credibility.

If you find that a witness' statement on the stand is false, in whole or in part, you may disregard the particular part you find to be false or you may disregard his or her entire testimony.  The Court allowed the witness Microchip to testify anonymously.  This practice is not unusual, especially when there is media attention in a case, and you should not be concerned with why the Court is keeping that witness's identity confidential.

> b.    Expert Witness

You heard expert witness testimony from FBI Special Agent Joel DeCapua, a cybercrimes expert who testified about cellular-data infrastructure in the greater New York City Area.

An expert witness is allowed to express an opinion on matters about which he or she has special knowledge and training.  Ordinarily, witnesses are limited to testifying concerning matters of fact, and the

rules of evidence do not allow witnesses to testify about their opinions or conclusions. Experts are the exception to this rule. If specialized knowledge will help the jury understand the evidence or decide a disputed fact, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify about such evidence or facts in the form of an opinion.

You should consider the expert testimony you heard in this case and give it the weight that you think it deserves. In weighing expert testimony, you may consider the expert's qualifications, the expert witness' opinion, the expert witness' demeanor and reasons for testifying, as well as all the other considerations that ordinarily apply when you are assessing the credibility of a witness. If you decide that the expert witness' opinion is not based upon sufficient education and experience, or that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, you may disregard the opinion entirely.

In short, the expert witness is the same as any other witness. You should not accept the testimony of an expert witness merely because he

or she is an expert, or merely because I allowed the witness to testify about his or her opinion. Nor should you substitute it for your own reason, judgment and common sense. The determination of the facts in this case rests solely on you.

c.     Law Enforcement Witnesses

You have also heard the testimony of law enforcement agents. You should evaluate these witnesses' testimony in the same manner that you evaluate the testimony of any other witness. The fact that a witness is a law enforcement agent does not mean that you should give that witness' testimony any more or less consideration than any other witness. You should use all of the tests of credibility I have discussed with you to evaluate a law enforcement witness' testimony. It is up to you to decide, after reviewing the evidence, whether to accept the testimony of the law enforcement witnesses, and to give it whatever weight you believe it deserves.

d.     Cooperating Witness Testimony

You have heard the testimony of a witness using the moniker Microchip who testified pursuant to a cooperation agreement with the

government, after he pleaded guilty to a federal crime. The government argues, as it is permitted to do, that it must take the witness as it finds him. The law permits the government to use the testimony of alleged accomplices and co-conspirators. Indeed, it is the law in federal courts that the testimony of an accomplice or co-conspirator may be enough in and of itself for conviction, if the jury finds that the testimony establishes guilt beyond a reasonable doubt.

The cooperation agreement was between Microchip and the Government, and not with the Court. Any promises made were not formal orders of immunity from the Court, but were arranged directly between the witness and the government. You must scrutinize the testimony of a cooperating witness with great care and view it with particular caution when you decide how much of that testimony to believe.

I have already given you instructions on evaluating a witness' credibility, and those instructions apply here. There are a few additional considerations that are specific to cooperating witnesses that you may want to consider during your deliberations. You should ask yourselves

whether the witness would benefit more by lying or by telling the truth. Was his testimony made up in any way because he believed or hoped that he would somehow receive favorable treatment by testifying falsely? Or did he believe that his interests would be best served by testifying truthfully? If you believe that the witness was motivated by hopes of personal gain, was the motivation one that would cause him to lie, or was it one that would cause him to tell the truth?

You have also heard testimony that Microchip has been promised that if he provides substantial assistance to the government and testifies truthfully, completely and fully, the government will present to the sentencing court what is called a 5K1.1 letter. The 5K1.1 letter sets forth the cooperating witness' criminal acts as well as the substantial assistance the witness has provided. I instruct you that the 5K1.1 letter does not guarantee the cooperating witness a lower sentence. This is because the sentencing court may, but is not required to, take the 5K1.1 letter into account when imposing sentence on the cooperating witness. The court has discretion, whether or not there is a 5K1.1 letter, to impose any reasonable sentence the court deems appropriate up to the

statutory maximum.  The final determination as to the sentence to be imposed rests with the court, not with the government.

In sum, you should look at all of the evidence in deciding what credence and what weight, if any, you will want to give to the cooperating witness.

e.     Testimony of Defendant

The defendant in a criminal case never has any duty to testify or come forward with any evidence.  This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the government at all times, and the defendant is presumed innocent.  In this case the defendant did testify and was subject to cross-examination like any other witness.  You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of the case.

f.     Stipulated Testimony

The parties have stipulated to certain facts in this case.  A stipulation is an agreement among the parties that a certain fact is true.

When the attorneys on both sides stipulate and agree as to the existence of a fact, you must accept the stipulation as evidence, and regard that fact as proved.

### g.    Interviews of Witnesses

There was testimony at trial that attorneys interviewed witnesses when preparing for and during the trial.  You must not draw any unfavorable inference from that fact.  On the contrary, attorneys are obliged to prepare their case as thoroughly as possible, and, in discharging that responsibility, it is appropriate that they interview witnesses in preparation for trial and during the trial.

### h.    Uncalled Witnesses Equally Available to Both Sides

There are several people whose names you have heard during the course of the trial but who did not testify.  I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way.

Remember that the defendant in a criminal case does not have any burden to call witnesses or produce any evidence.

### 6. No Particular Investigative Techniques Required

Although the government bears the burden of proof, and although a reasonable doubt can arise from a lack of evidence, the law does not require that the government prove its case through any particular means. Law enforcement techniques are not your concern. You are not to speculate as to why the government used the techniques they did or why they did not use other techniques. Your concern is to determine whether, based upon all the evidence presented in the case, the government has proven the defendant's guilt beyond a reasonable doubt.

### 7. Evidence Lawfully Obtained

During the trial in this case, you have heard evidence about a variety of investigative techniques and methods of collecting evidence. I instruct you that any evidence that was presented to you was obtained legally, and you can consider it. The methods used to collect evidence or investigate should not enter into your deliberations in any respect.

### 8. Other People Not on Trial

There has been evidence that other people were involved in the crime charged in the Indictment. These individuals are not on trial before you, and are not your concern. You should not speculate about why these people are not on trial before you. The fact that these individuals are not on trial before you should not control or influence your verdict as to the defendant who is on trial. The only issue in this case is whether the government has proven the charge against this defendant beyond a reasonable doubt. Your verdict should be based solely upon the evidence or lack of evidence as to this defendant, in accordance with my instructions and without regard to whether other people's guilt has or has not been proven.

### 9. Redactions

Among the exhibits received in evidence, there are some exhibits that are redacted. "Redacted" means that part of the document was taken out. The redacted portions of an exhibit are not evidence, and you are to concern yourself only with the part of the exhibit that has been

admitted into evidence.  You should not speculate as to why the exhibit was redacted and what might be in any redacted portions of the exhibit.

10.      Inflammatory Statements

You have heard testimony and seen some exhibits related to what might be the defendant's political views.  Treat this evidence with caution.  This evidence alone is not a basis to find the defendant guilty of the offense charged in the Indictment.  You may consider it, however, for limited purposes, such as considering the context in which the statements were made, what the defendant intended in making the statement, and his expectation regarding the effects of his statement. You cannot find the defendant guilty because you disagree with his political views or find them distasteful.

11.      Anonymity of Defendant

The First Amendment to the United States Constitution protects the right to publish anonymously.  The defendant's general exercise of that right is therefore not, in and of itself, evidence of guilt.  You may consider evidence about the defendant's efforts to remain anonymous

only to the extent you find that the defendant's anonymity furthered the charged conspiracy, or to assess any defenses the defendant has raised.

## II.   THE LEGAL ELEMENTS OF THE CRIME CHARGED

I will now turn to the second part of these instructions.  I will explain to you the elements of the crime charged in the indictment that the government must prove beyond a reasonable doubt.

### A. APPROXIMATE DATE

The indictment charges that conduct occurred "in or about" and "between" certain dates.  The government does not have to establish the exact date of an alleged offense, or that the defendant committed the crime charged throughout the entire period.  It is sufficient if the evidence establishes beyond a reasonable doubt that an offense was committed during any part of the charged time frame.  The law only requires substantial similarity between the dates alleged in the Indictment and the dates established by testimony or exhibits.

### B. "AND" MEANS "OR"

Although the indictment charges that the statute was violated by acts that are connected by the word "and," it is sufficient if the evidence

establishes violations of the statute by any one of the acts charged. Of course, this must be proved beyond a reasonable doubt.

### C. VENUE

Venue refers to the location of the charged crime.  The indictment alleges that the crime charged occurred in part in this judicial district, which is the Eastern District of New York.  This district encompasses the boroughs of Brooklyn, Queens, and Staten Island, as well as Nassau and Suffolk Counties on Long Island, and the waters within Manhattan and the Bronx, which include the waters surrounding the island of Manhattan that separate Manhattan from the outer boroughs of New York City and from the State of New Jersey, as well as the air space above the district or the waters in the district.  The island of Manhattan itself is in the Southern District of New York.

To establish a venue for a crime in this district, the government must prove that some act in furtherance of the crime happened in the Eastern District of New York.   This means that with respect to the crime charged, even if other acts were committed outside this district or if the crime was completed elsewhere, venue is established in the Eastern

District of New York so long as some act in furtherance of the crime
took place in this district.  Indeed, a defendant need not personally have
been present in the district for venue to be proper.  Venue turns on
whether any part of the crime or any act in furtherance of the offense
was committed in the district.  Venue is proper in a district where the
defendant intentionally or knowingly causes an act in furtherance of the
charged offense to occur or where it is foreseeable that such an act
would occur in the district.  In a conspiracy, such as the one charged
here, actions of co-conspirators, as well as actions caused by co-
conspirators, may be sufficient to confer venue if it was reasonably
foreseeable to the defendant that the acts would occur in the Eastern
District of New York.

In determining whether some act in furtherance of the crime you
are considering occurred in the Eastern District of New York, you may
consider a number of things.  Venue can be conferred based on physical
presence or conduct, and passing through a district, including through or
over waters, is sufficient to confer venue.  Venue can be based on
electronic impulses, including electronic communications or data

transfers, passing through a district.  Venue lies in any district where electronic communications are sent or received and any district through which electronic communications are routed.  Venue can also lie where a telephonic communication in furtherance of a crime was made and where it was received.  The government need not prove all of these bases of venue; any one is sufficient.  It is up to you to determine whether the government has proved them.

So, in this case, you may conclude venue is proper if you find that the evidence established any of the following:

- Either the defendant, or a co-conspirator, or an innocent non-conspirator (caused to act by members of the conspiracy) "tweeted" an allegedly deceptive image into the Eastern District in furtherance of the alleged scheme, provided that, if tweeted by someone other than the defendant, that act was reasonably foreseeable to the defendant; or

- The allegedly deceptive images sent by the defendant in furtherance of the conspiracy had passed through the Eastern District of New York as they were transmitted to Twitter's servers and beyond, or if deceptive images sent by others in furtherance of the conspiracy had foreseeably passed through the Eastern District of New York as they were transmitted to Twitter's servers and beyond; or

- That the allegedly deceptive images were viewed in the Eastern District and that such viewing (even if innocent) was a foreseeable overt act furthering the ends of the conspiracy;

While the government's burden as to everything else in the case is proof beyond a reasonable doubt, a standard that I have already explained to you, the government must prove venue by the lesser standard of preponderance of the evidence. To establish a fact by a preponderance of the evidence means to prove that fact is more likely true than not. A preponderance of the evidence means the greater weight of the evidence, both direct and circumstantial.

## D. INTENT

During these instructions, you will hear me use the word "intentionally." I will define this term for you before addressing the individual charge. As a general rule, the law holds individuals accountable only for conduct they undertook intentionally. Thus, before you can find the defendant guilty of the crime charged, you must be satisfied he was acting intentionally.

The issue of intent requires you to make a determination about a defendant's state of mind, something that rarely can be proved directly.

30

A wise and careful consideration of all the circumstances before you, however, may permit you to make a determination as to a defendant's state of mind. Indeed, in your everyday affairs, you are frequently called upon to determine a person's state of mind from his words and actions in given circumstances. You are asked to do the same here.

### E. ACT AND STATEMENTS OF CO-CONSPIRATORS

I have admitted into evidence other people's acts and statements because these acts and statements were committed by people whom the government charges were also confederates or co-conspirators of the defendant.

The reason for permitting this evidence has to do with the nature of the crime of conspiracy. A conspiracy is often referred to as a partnership in crime. Thus, as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.

Accordingly, the reasonably foreseeable acts, declarations, statements and omissions of any member of the conspiracy and in

furtherance of the common purpose of the conspiracy, are deemed,

under the law, to be the acts of all of the members, and all of the

members are responsible for such acts, declarations, statements and

omissions.

If you find, beyond a reasonable doubt, that the defendant was a

member of the conspiracy charged in the indictment, then any acts done

or statements made in furtherance of the conspiracy by persons that you

find to have been members of that conspiracy, may be considered

against the defendant.  This is so even if such acts were done and

statements were made in the defendant's absence and without his

knowledge.

## F. INDICTMENT

The indictment charges that from in or about and between

September 2016 and November 2016, both dates being approximate and

inclusive, within the Eastern District of New York and elsewhere, the

defendant DOUGLASS MACKEY, also known as "Ricky Vaughn,"

together with others, conspired to injure, oppress, threaten and

intimidate one or more persons in the free exercise and enjoyment of a

right and privilege secured to them by the Constitution and laws of the

United States, to wit: the right to vote.

The relevant statute is Section 241 of Title 18 of the United States

Code, which is entitled "Conspiracy Against Rights."  It provides, in

relevant part:

> If two or more persons conspire to injure, oppress, threaten, or
> intimidate any person in any State, Territory, Commonwealth,
> Possession, or District in the free exercise or enjoyment of any
> right or privilege secured to him by the Constitution or laws of
> the United States, or because of his having exercised the
> same . . . [t]hey [shall be punished].

I hereby instruct you that the right of qualified voters to vote in a federal

election is secured to them by the Constitution and laws of the United

States.

In order to establish that the defendant entered into a conspiracy

against rights,

as charged in the indictment, the government must prove each of the

following elements

beyond a reasonable doubt:

First, that two or more persons entered into the particular unlawful agreement

charged; and

Second, that the defendant knowingly and intentionally became a member of

the conspiracy.

I will now explain each of the elements further.

### 1. First Element – Existence of the Conspiracy

The first element requires that the government prove that at least two conspirators had a meeting of the minds, and that they agreed to work together to accomplish the object of the charged conspiracy.  A conspiracy is an agreement by two or more people to accomplish some unlawful purpose. It is sometimes referred to as a criminal partnership. The conspirators do not have to agree on every detail of their venture, but they must agree on the essential nature of their plan to achieve a specified unlawful act. Nor does the government have to prove that each member of the conspiracy knew all the other members of the conspiracy, or was aware of their roles.

34

A conspiracy is in and of itself a crime. The government does not have to prove that the ultimate objectives of the conspiracy were successfully accomplished.  It is enough if the Government has proved that two or more people – one of whom is the defendant – in any way, expressly or impliedly – came to a common understanding to commit an unlawful act. The United States Congress has deemed it appropriate to make conspiracy a separate crime. That is because collective criminal activity poses a greater threat to the public's safety and welfare than individual conduct, and increases the likelihood of success of a particular criminal venture.

To establish a conspiracy, the government is not required to prove that the conspirators sat around a table and entered into a solemn contract, orally or in writing, stating that they have formed a conspiracy to violate the law, setting forth details of the plans, the means by which the unlawful project is to be carried out, or the part to be played by each conspirator. Common sense suggests that when people do, in fact, undertake to enter into a conspiracy, much is left to an unexpressed understanding. A conspiracy, by its very nature, is almost invariably

secret in both origin and execution. Therefore, it is sufficient for the government to show that the conspirators somehow came to a mutual understanding, even if tacitly, to accomplish an unlawful act by means of a joint plan or common scheme.

Because conspiracy is usually characterized by secrecy, you may infer its existence from the circumstances and the conduct of the parties and others involved. The agreement of the parties may be implicit in a working relationship between them that has never been articulated, but nevertheless amounts to a joint criminal effort. You may consider the actions and statements of any purported co-conspirators in deciding whether a common design existed to act together for the accomplishment of an unlawful purpose. In short, you may consider all the evidence before you, and the reasonable inferences that may be drawn from all this evidence.

### 2. Second Element – Defendant's Membership

The second element requires that the government prove that the defendant became a member of the conspiracy with knowledge of its criminal goal and intending by his actions to help it succeed. That is,

you must determine whether he knowingly and intentionally became a participant in the conspiracy. A defendant generally acts "knowingly" if he acts purposely and voluntarily, and not because of ignorance, mistake, accident or carelessness. A defendant generally acts "intentionally" when the defendant's conduct is the product of the defendant's conscious objective, rather than the product of mistake or accident.

The defendant's knowledge is a matter of inference from the facts proved. To become a member of the conspiracy, the defendant did not have to know the identities of every member, nor need he have been apprised of all of their activities. The defendant need not have been fully informed of all the details, or the scope, of the conspiracy in order to justify an inference of knowledge on his part.

The defendant need not have joined in all of a conspiracy's unlawful objectives. A conspirator's guilt is not measured by the extent or duration of his participation. In other words, the law does not require the defendant to play an equal role in the conspiracy as another

defendant or conspirator. Some conspirators may play major roles, while others may play minor ones. Each member may perform separate and distinct acts and may perform them at different times. Even a single act may be sufficient to draw the defendant within the circle of a conspiracy. A person who intentionally joins an existing conspiracy is charged with the same responsibility as if he or she had been one of the originators or instigators of the conspiracy.

Thus, if you find that the conspiracy existed, and if you further find that the defendant participated in it knowingly and intentionally, the extent or degree of his participation is not material. The government also need not prove that the defendant actually committed the unlawful act or acts charged as the objective of the conspiracy. Instead, the government must prove beyond a reasonable doubt only that the purpose of the conspiracy was to commit an act or acts that are unlawful.

I want to caution you, however, that the defendant's mere presence at the scene of criminal activities, or at locations frequented by criminals, does not, by itself, make him or her a member of the

conspiracy.  Similarly, mere association with one or more members of

the conspiracy does not automatically make the defendant a member.  A

person may know or be friendly with a criminal without being a criminal

himself or herself.  Indeed, a person may be a criminal without being a

member of the charged conspiracy.  Mere similarity of conduct or the

fact that individuals may have assembled together and discussed

common aims and interests does not necessarily establish proof of the

existence of a conspiracy.

I further caution you that mere knowledge or acquiescence without

participation in the unlawful plan is not sufficient.  The fact that the

defendant's acts merely happen to further the purposes or objectives of

the conspiracy, without his knowledge, does not make the defendant a

member.  More is required under the law.  What is necessary is that the

defendant must have participated with knowledge of at least some of the

purposes or objectives of the conspiracy and with the intention of aiding

in the accomplishment of those unlawful ends. Thus, while someone

who is present during a conspiracy is not necessarily a member, you may

find that the defendant knowingly and willfully became and was a member of a conspiracy if you find that his presence was purposeful—that is, the defendant's presence on one or more occasions was intended to serve the purposes of the conspiracy.

The indictment alleges that the objective of the charged conspiracy was to injure, oppress, threaten or intimidate one or more persons in the free exercise and enjoyment of their right to vote. The government must therefore prove beyond a reasonable doubt that the defendant knowingly and intentionally joined the conspiracy with the intent to further that objective. In this case, the government has alleged that the object of the conspiracy was specifically to "injure" one or more persons in the free exercise and enjoyment of their right to vote. I instruct you that the statute covers conduct intended to "obstruct," "hinder," "prevent," "frustrate," "make difficult or impossible," "or indirectly rather than directly assault" free exercise of the right. For example, "hinder" is defined as "to make slow or difficult the progress of, to hamper, to hold back, to prevent, to check."

It does not require the possibility of physical force or physical harm. Thus, conduct that makes the right to vote more difficult, or in some way prevents voters from exercising their right to vote can constitute an "injury" within the meaning of the law.

I further instruct you that the government must prove that the intended victims of the conspiracy were present in any state, district, or territory of the United States, although I again remind you that the government does not have to prove that the conspiracy actually succeeded in accomplishing its unlawful goal for you to find the defendant guilty.

The key inquiry is whether the defendant joined the conspiracy charged in the Indictment with knowledge of the basic aim and purpose of the unlawful agreement and with the intent to help it succeed. If, upon considering all the evidence, direct and circumstantial, you are not satisfied beyond a reasonable doubt that the defendant knowingly became a member of the conspiracy charged in the indictment, then you cannot find him guilty. If, on the other hand, upon considering all the

evidence, you find that the government has met its burden of proving that the defendant knowingly became a member of the conspiracy charged in the indictment, then you should render a verdict of guilty.

## III.   CLOSING INSTRUCTIONS

We are now at the third and final part of the instructions.  In a few minutes you will begin your deliberations.  I will give you some general rules regarding your deliberations.  Keep in mind that nothing I have said in these instructions is intended to suggest to you in any way what I think your verdict should be.  That is entirely for you to decide.

### A. FOREPERSON

In order for your deliberations to proceed in an orderly fashion, you must have a foreperson.  Traditionally, juror number one acts as the foreperson.  However, if, when you begin deliberations, you all decide that you want to elect another foreperson, you may do so.  The foreperson will be responsible for signing all communications to the court and for handing them to the Deputy Marshal during your deliberations.  Of course, the foreperson's vote is entitled to no greater weight than that of any other juror.

## B. DELIBERATIONS

Your duty is to reach a fair conclusion from the law as I have given it to you and the evidence presented in this case. This duty is important. When you are in the jury room, listen to each other, and discuss the evidence and issues in the case among yourselves. It is the duty of each of you as jurors to consult with one another, and to deliberate with a view toward reaching agreement on a verdict, if you can do so without violating your individual judgment. No one should surrender conscientious convictions of what the truth is and what the weight and effect of the evidence is. Each of you must decide the case for yourself and not merely acquiesce in the conclusion of your fellow jurors. You should examine the issues and the evidence before you with candor and frankness, and with proper deference to and regard for the opinions of your fellow jurors.

You should not hesitate to reconsider your opinions from time to time and to change them if you are convinced they are wrong. However, do not surrender an honest conviction about the weight and effect of the evidence simply to arrive at a verdict.

The decision you reach must be unanimous; you must all agree.

## C. COMMUNICATION WITH THE COURT AND OTHERS

It is very important that you not communicate with anyone outside the jury room about your deliberations or about anything related to this case.  You may not use any electronic device or media, such as a telephone, cell phone, smart phone, smart watch, tablet, computer, the Internet, any text or instant messaging service, blog, or social networking site to communicate with anyone regarding any information about this case or to conduct any research or do any kind of investigation about this case until after I accept your verdict.

There is only one exception to this rule.  If you have a question for me, or it becomes necessary to communicate with me, you may send a note, through the Deputy Marshal, signed by your foreperson.  No member of the jury should attempt to communicate with me except by a signed note, and I will never communicate with any member of the jury on any subject touching upon the merits of the case other than in writing, or here in open court.

If, during your deliberations, you have questions about the law, or if you want further explanation as to the law, you may send me a note.

### D. RIGHT TO SEE EXHIBITS AND TESTIMONY

You will be permitted to review any of the exhibits admitted at trial, as well as transcripts of the trial testimony.

### E. VERDICT

The government must prove the defendant's guilt beyond a reasonable doubt, as we have already talked about.  If you find that the government meets its burden, then your verdict should be guilty; if the government does not meet its burden, your verdict should be not guilty.  To reach a verdict, you must be unanimous.

I have prepared a verdict form that may help you in your deliberations.  The form is in no way intended to tell you how to deliberate or decide the facts of this case.  The foreperson should use a check mark in the appropriate space for "guilty" or "not guilty."  The foreperson should also put his or her initials and the date beside the check mark on the verdict form.  Again, the verdict form must reflect your unanimous verdict.

As we talked about, each of you is entitled to your opinion; however, you should consult with one another and reach an agreement based solely and wholly on the evidence—if you can do so without contradicting your own individual judgment. Each of you must decide the case for yourself, after consideration with your fellow jurors.

However, if, after carefully considering all the evidence and the arguments of your fellow jurors, your view is different from the others, you should not change your opinion simply because you are outnumbered or because it is late. Your final vote must reflect your conviction as to how the issues should be decided.

When you have reached a verdict, simply send me a note signed by your foreperson that says that you have reached a verdict. Do not write down what the verdict is. You should never give a numerical count of where the jury stands in its deliberations, in any communication with the court.

## F. OATH REMINDER AND CLOSING REMARKS

The government, the defendant and the court rely upon you to give full and conscientious deliberation and consideration to the issues and

evidence before you.  By doing so, you carry out your oaths as jurors—to render a true verdict.

I will ask you to wait for a few moments while I discuss with counsel whether there is anything further we need to discuss.