U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

EDP/FTB/WJG
F. #2019R02250

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

September 27, 2023

By E-mail

Erica Vest
United States Probation Officer
Eastern District of New York
27 Johnson Street
Brooklyn, NY 11201-4201
Phone: (347) 534-3714
E-mail: Erica_Vest@nyep.uscourts.gov

      Re:    Douglass Mackey, 21-CR-80 (AMD)

Dear Ms. Vest:

      The government writes in reply to the Defendant's September 22, 2023 and September 23, 2023 objection letters to the United States Probation Department's Pre-Sentence Report ("PSR"):

- The defendant objects to the PSR's characterization that the defendant "continues to deny responsibility" for his actions. The PSR is correct. Although the defendant has apparently apologized to his family for his behavior, he has not acknowledged his role in attempting to injure the right to vote; to the contrary, he took the stand and denied both his commission of the offense and his role in the conspiracy. The government objects to the defendant's efforts to conflate his "remorse" for harming his family with acknowledgment for the count of conviction.
- The government objects to the defendant's assertion that he deserves a downward departure for his alleged minor role. As the government presented at trial, the defendant was a highly effective distributor of information and misinformation. He cultivated a responsive following, gaining both fame and notoriety for his ability to spread his messages, and was fully cognizant of his power. While others, like 1080p, devoted their efforts toward creating memes, the defendant's best use was in distributing them—this was his particular power. The government submits that the conspiracy proven at trial was only effective because of the acts of people like the defendant and cooperating witness Microchip, who nearly matched the defendant's potency in causing messages to go viral. Put simply, the objectives of the conspiracy depended on people like Mackey and Microchip to

spread them far and wide—the scheme would have little purpose if not for the distribution efforts of people like the defendant. Accordingly, the defendant was not a "minor" participant.

- The government objects to the defendant's assertion that his conduct was "aberrational." The defendant joined a conspiracy that aimed to spread disinformation about how to cast valid votes. He belonged to several groups that discussed the creation, development and distribution of the memes, such as the "War Room,"[1] and distributed similar materials on or around the exact same time as the other members of the groups. The defendant acted precisely when the others did—approximately a week before the election—and then was removed from Twitter shortly thereafter, thereby preventing him from committing further acts. Given this background, the fact that the defendant sent a limited number of tweets in early November 2016 is not indicative of a momentary lapse in judgment. Significantly, these actions fit with the defendant's sincerely expressed beliefs concerning which groups of people should and should not vote. As demonstrated at trial, the defendant routinely expressed his belief that black people, single women, single mothers, immigrants and children of immigrants should not vote, and discussed ways of making that happen, such as seeding "black social media spaces" with messages that encouraged black people not to vote. Far from aberrational, the government submits that the defendant's actions conformed to both the aims of the conspiracy and the defendant's sincerely held beliefs.

Very truly yours,

BREON PEACE
United States Attorney

By:     /s/
Erik Paulsen
Assistant U.S. Attorney
(718) 254-6135

Cc: Clerk of Court (AMD) (by email and ECF)
Andrew Frisch, Esq. (by email and ECF)

---

[1] In his September 22, 2023 letter, the defendant quotes the government as acknowledging that the defendant was not in a specific group when a conversation about voter disinformation was taking place (Tr. 857). The government was referring to the "Micro Chat," which the defendant was originally a part of but which he did not rejoin after his first suspension from Twitter. Of course, at that same time, the defendant was part of the "War Room" group as its members engaged in nearly identical conversations, which included several key overlapping members with the Micro Chat, such as Microchip and HalleyBorderCol. As such, the defendant's statement that the defendant "was not present" when these group discussions took place is incorrect, and a mischaracterization of the evidence presented at trial.