976

```
                     UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF NEW YORK
------------------------------x
                                        21-CR-80(AMD)
UNITED STATES OF AMERICA,
                                        United States Courthouse
         Plaintiff,                     Brooklyn, New York

         -against-                      March 29, 2023
                                        9:30 a.m.
DOUGLASS MACKEY,

         Defendant.

------------------------------x

            TRANSCRIPT OF CRIMINAL CAUSE FOR TRIAL
                          JURY PRESENT
              BEFORE THE HONORABLE ANN M. DONNELLY
                  UNITED STATES DISTRICT JUDGE
                         BEFORE A JURY

APPEARANCES

For the Government:         BREON S. PEACE, ESQ.
                            UNITED STATES ATTORNEY
                            Eastern District of New York
                            271 Cadman Plaza East
                            Brooklyn, New York 11201
                            BY:  ERIK DAVID PAULSEN, ESQ.
                                 F. TURNER BUFORD, ESQ.
                                 WILLIAM J. GULLOTTA, ESQ.
                            Assistant United States Attorneys

For the Defendant:          ANDREW J. FULTON, ESQ
                            40 Fulton Street
                            New York, New York 10038



Also Present:               DOUGLASS MACKEY, DEFENDANT

Court Reporter:             AVERY N. ARMSTRONG, RPR
                            Phone:  718-613-2419
                            Fax:    718-613-2639
                            Email:  Aarm.edny@gmail.com

Proceedings recorded by mechanical stenography.  Transcript
produced by computer-aided transcription.
```

*AVERY N. ARMSTRONG, RPR*
*OFFICIAL COURT REPORTER*

1                    A F T E R N O O N   S E S S I O N
2                   (Jury returned a note.)
3                   (Time noted:  4:30 p.m.)
4                   (In open court; Jury not present.)
5               THE COURTROOM DEPUTY:  All rise.
6               THE COURT:  Hi.  Everybody can sit down.
7               Did you give them copies?
8               THE COURTROOM DEPUTY:  Yes.
9               THE COURT:  All right.  I think Ms. Greene has given
10   everybody a copy of the jury's most recent note.
11              THE COURTROOM DEPUTY:  No.
12              THE COURT:  You haven't?
13              THE COURTROOM DEPUTY:  No.
14              THE COURT:  Oh, I thought I did.  It says, Dear
15   Judge Donnelly, we have not reached a verdict, and it's signed
16   by the foreperson.
17              So I think the first thing to do -- and the answer
18   seems obvious -- but the first thing to do is to see if they
19   mean that they can't reach a verdict.  We can do that either
20   by bringing them in and asking if that's what they mean, or
21   bringing them in and telling them to go back and write another
22   note.
23              But the second question, I'm assuming this means
24   they're unable to reach a verdict -- that could be wrong.  But
25   the question is, what to do if that's the case.  I gave them a

1   very mild *Allen*-ish charge yesterday, and what I've given you
2   is a copy of really the more -- really, what's more properly
3   described as an *Allen* charge.  It's a charge that Judge Ross
4   has given as well as Judge Chen.
5              And so I guess my first question is how do you want
6   to approach the substance of the note in terms of asking them
7   to indicate if that's what they mean?
8              MR. PAULSEN:  Your Honor, could you read the actual
9   wording again?
10             THE COURT:  Dear Judge Donnelly, we have not reached
11  a verdict.
12             I mean, that is obvious.  So I mean, I'm assuming
13  that they're not just updating me.  I mean, maybe they are.
14  It's possible.  So I think maybe the first thing to do, I
15  don't know Mr. Frisch how you feel about it.
16             MR. FRISCH:  I don't mean to stand on ceremony.
17             Can we actually see the note or see a copy of it?
18  I'm sure that it's --
19             THE COURT:  I'm a good reader.
20             MR. FRISCH:  No, I'm sure you are.  But you never
21  know.  I just want to take a look at it.
22             Thank you.
23             THE COURT:  The words are small.  They're short, so
24  I think I got it right.
25             MR. FRISCH:  I didn't mean -- I just wanted to see

1  who signed it and all that stuff.  I trust your reading
2  skills.
3              THE COURT:  I'm a good reader.
4              MR. FRISCH:  All right.  Thank you.
5              Do you want to take a look at?
6              MR. PAULSEN:  Sure.
7              THE COURT:  How'd I do?
8              MR. PAULSEN:  It's very good, Your Honor.
9              THE COURT:  Thank you.
10             THE COURTROOM DEPUTY:  I'll make copies for you
11 guys.
12             THE COURT:  So what do you think?  What do you want
13 me to do?
14             MR. FRISCH:  Can I have 30 -- before I opine on the
15 situation, can I read the proposed instruction?
16             THE COURT:  Sure.
17             Do you have any thoughts about what to do?
18             MR. FRISCH:  I do.
19             THE COURT:  Well, let me first ask, let's just take
20 it one step at a time.
21             Do you think we should bring the jurors in to -- and
22 have them go back and write a note, or is it sufficient to ask
23 them -- I think it's probably better to bring them in and ask
24 them to clarify what they mean by it.  And then once we do
25 that, you'll tell me your thoughts on giving a full *Allen*

1  charge.  How's that?
2          MR. FRISCH:  Well, let me tell you what I think --
3          THE COURT:  I'm just trying to be efficient here.
4  So if they mean something totally different, then we don't
5  have to talk about the *Allen* charge.  So I think the first
6  step is just to have them in, put the note on the record, say
7  we're not -- they haven't said what they mean by that, and so
8  I'm going to have them go back, write another note, and then
9  you can think about what we should do next.
10         But why have the conversation if they just wanted to
11 alert me that they haven't reached a verdict?
12         MR. FRISCH:  I see.  So the Court's view is that
13 perhaps this is a way of giving the Court a status of where
14 they are this afternoon at 4:30?
15         THE COURT:  It's just not clear.  It doesn't say we
16 cannot reach a verdict.  So I think, I mean, you know, if I
17 were a betting person, I would say that's probably what it
18 means.  But I think we need to have complete clarity on that
19 before we proceed further.  So that's what I'm going to do,
20 unless there's some, you know, objection to it.
21         MR. FRISCH:  I don't object to getting a proper
22 interpretation of what they mean.
23         THE COURT:  All right.  What about the Government?
24         MR. PAULSEN:  I think that makes sense, Your Honor.
25         THE COURT:  All right.  Could you get the jury,

1   please.
2               (Court Exhibit 5, was received in evidence.)
3               THE COURTROOM DEPUTY:  All rise.
4               (Jury enters the courtroom.)
5               THE COURTROOM DEPUTY:  You may be seated.
6               THE COURT:  All right.  Ladies and gentlemen, I've
7   received your notes which reads, Dear Judge Donnelly, we have
8   not, underlined, reach a verdict, and it's signed by the
9   foreperson.
10              It's not entirely clear what you're trying to tell
11  us by this, so what I'm going to ask you to do is go back to
12  the jury room, write us a note about exactly what you mean by
13  saying you haven't reached a verdict.  So I hope I'm being
14  clear about that.  So if you could do that, we'll have you
15  back as soon as we get that second note.  Okay.  Thank you.
16              THE COURTROOM DEPUTY:  All rise.
17              (Jury exits the courtroom.)
18              THE COURTROOM DEPUTY:  You may be seated.
19              THE COURT:  All right.  And just to make the best
20  use of our time, let me first get the Government's take on
21  next steps.
22              MR. PAULSEN:  Your Honor, I suppose next steps will
23  depend on what they say.
24              THE COURT:  Yes.
25              MR. PAULSEN:  But I'd imagine that depending on what

1   they say, I think I could imagine the two options would be to
2   send them home for the night, wait for, kind of, one further
3   message of this sort and issue an *Allen* charge or or do it
4   tonight.  Given that I do not expect they would deliberate
5   much more tonight, I wonder if it makes more sense to give the
6   *Allen* charge tomorrow.
7              THE COURT:  Well, I'm going to send them back to
8   deliberate because they have schedules too.  So my thought was
9   if we send them back to deliberate, it would be probably until
10  about 6:00, and to give them -- I would give the *Allen* charge
11  today, and then see where they are at the end of the day.
12             Mr. Frisch?
13             MR. FRISCH:  Two things.  First, I'm -- I don't want
14  to opine definitively until we see what they say.  We're kind
15  of assuming various things.  But my sense of it, however, is
16  if what they mean to say is that they're deadlocked, I think
17  we've reached the time for a mistrial.  And for this reason:
18  This is a single charge, the issue in this case is fairly
19  cabined, and they've been out now for over two days, and so,
20  while I certainly want to see what they say to have an
21  informed opinion about this, my current thinking is that we've
22  reached mistrial time.
23             MR. PAULSEN:  Your Honor, we would disagree.  It's
24  common in all these circumstances for the Court to give an
25  *Allen* charge.  It often clarifies things for the jury.  I

1   don't know why we would divert from that typical practice
2   here.
3              THE COURT:  I think the circumstances -- I mean, I'm
4   inclined to give the *Allen* charge just because I think it's
5   appropriate.  You know, comparatively, they haven't
6   deliberated all that long, but there have been almost no
7   requests for anything, and they've had the transcript of the
8   entire trial, basically.  But you know, I think it's -- I was
9   just trying to get what your sense was.  I think it obviously
10  makes sense to see what they actually say.  And then, you
11  know, the question is how long to keep them.  So I mean, if
12  the note reflects that they've -- you know, just are at an
13  impasse and they can't resolve it, I mean, I think the write
14  is on the wall now a little bit.  But I want to see what it
15  says first.
16             MR. PAULSEN:  Yes, Your Honor.  Two things.  First
17  off, I think they have everything.
18             THE COURT:  Yeah.
19             MR. PAULSEN:  So there's nothing they could request.
20             THE COURT:  Well, they could request a charge on the
21  law, they could -- I mean, you know, this is not a lot of
22  notes, but it's a shorter trial, and it's one count.  So, I
23  mean, I have given up long ago trying to read the tea leaves
24  about what jurors are thinking or deciding.  So it's just an
25  observation.  My mind isn't made up.

1    MR. PAULSEN:  Yes, Your Honor.  One further thing.
2  I have one data point in my past where a jury was out for a
3  number of days, and it turned out that they were not
4  deliberating, that one individual had withdrawn from the jury,
5  and the jury did not realize they could say something, that it
6  was not a matter of differing views of the evidence, but
7  rather, a refusal to talk.
8    THE COURT:  I but we all have stories, but let's
9  just see what they say.
10    MR. PAULSEN:  Okay, Your Honor.
11    THE COURT:  I mean, it hasn't been my observation
12  that -- although, you know, again, you never know -- it hasn't
13  been my observation that there is any particular ranker among
14  jury members here.  They all seem to be pretty engaged and
15  responsive, but you never know.
16    (Pause in the proceedings.)
17    (Jury returned a note.)
18    (Time noted:  4:47 p.m.)
19    THE COURT:  All right.  This note says, Dear Judge
20  Donnelly, we have not reached a unanimous decision.  It does
21  not tell me whether or not they can reach a unanimous
22  decision.  So I think I have to bring them back, and there are
23  occasions on which I would just ask the foreperson to tell me
24  here in court, but I'm not going to do that.  I'm going to
25  direct them to go back and tell me whether they are telling me

1  that they cannot reach a verdict.
2             Is that acceptable to everyone?
3             MR. PAULSEN:  It's fine, Your Honor.
4             MR. FRISCH:  Yes.
5             THE COURT:  All right.  Let's bring them back in.
6             (Government Exhibit 6, was received in evidence.)
7             MR. BUFORD:  Your Honor, for whatever it's worth, it
8  maybe an occasion for a leading question.
9             THE COURT:  That was my plan.  I think I'm just
10 going to ask them, are you telling me that you cannot reach a
11 verdict or just that you haven't.
12            MR. BUFORD:  Or that you want to go home for the
13 day.
14            THE COURT:  I'm not going to do that.
15            MR. BUFORD:  Okay.
16            THE COURT:  I mean, I guess I could do that, but I
17 don't want to give them too many options.
18            MR. BUFORD:  Right.
19            THE COURTROOM DEPUTY:  All rise.
20            (Jury enters the courtroom.)
21            THE COURTROOM DEPUTY:  You may be seated.
22            THE COURT:  All right.  Ladies and gentlemen, I have
23 your most recent note which says, Dear Judge Donnelly, we have
24 not reached a unanimous decision.
25            And what I need you to clarify for me is whether you

1   cannot reach a unanimous decision or whether you're just
2   updating me on your progress. I just need you to be specific.
3   So if you can -- if you're just telling me what's going on,
4   that's also fine. So I'm going to send you back one more
5   time, and just let me know if -- and if it's not any of those
6   things, you can tell me that too, that you just want to
7   continue deliberating. So let me know. All right. Thanks.
8           THE COURTROOM DEPUTY: All rise.
9           (Jury exits the courtroom.)
10          THE COURTROOM DEPUTY: You may be seated.
11          THE COURT: Okay. I don't think I said it before,
12  but the first note from today is going to be Court Exhibit 5,
13  and the most recent one is Court Exhibit 6.
14          I think if the next note is the similarly generic,
15  I'm just going to tell them to keep deliberating then. I'm
16  going to assume that they're just updating us, which maybe it
17  is.
18          (Pause in the proceedings.)
19          (Jury returned a note.)
20          (Time noted: 5:08 p.m.)
21          THE COURT: All right. So this is the most recent
22  note, and it reads, Dear Judge Donnelly, based on our thorough
23  review of all material by all jurors and active discussion
24  among all jurors, we cannot reach a unanimous decision. Your
25  guidance would be greatly appreciated. And it's signed by the

1  foreperson.
2          So let me just ask the Government, what's your view?
3          MR. PAULSEN:  Your Honor, I think we believe the
4  *Allen* charge would be appropriate.
5          THE COURT:  Okay.
6          MR. FRISCH:  I don't.  Renew my motion for a
7  mistrial.  This is now the fourth note.  And so I think as I
8  said before, I think the time has come to declare a mistrial.
9          THE COURT:  All right.  I mean, as I said before, I
10 don't think they've been deliberating all that long, and the
11 note does not say they don't think they'll ever reach one, and
12 they specifically ask for guidance.  And that's what the *Allen*
13 charge is designed to do.
14         And aside from your objection to me giving an *Allen*
15 charge, do you have any objection to the language that I gave
16 you that's, I think, is fairly routine in this courthouse?
17         MR. FRISCH:  No.
18         THE COURT:  Okay.  Anything else anybody wants to
19 say about this?
20         MR. PAULSEN:  No, Your Honor.
21         THE COURT:  All right.  So this will be Court
22 Exhibit Number 7 and let's bring had the jurors in.
23         (Court Exhibit 7, was received in evidence.)
24         MR. FRISCH:  Before you do that, the only -- just
25 out of their comfort, it's already 5:10.  By the time you read

1   the instruction, it will be closer to 5:20, 25, it just
2   seems --
3               THE COURT:  I'm going to give them a few more
4   minutes, all right.
5               And I think Ms. Green has given everybody copies of
6   all the notes; is that right?
7               MR. BUFORD:  Yes, Your Honor.
8               MR. FRISCH:  Yes.
9               THE COURT:  Okay.
10              THE COURTROOM DEPUTY:  All rise.
11              (Jury enters the courtroom.)
12              THE COURTROOM DEPUTY:  You may be seated.
13              THE COURT:  Okay, everybody.  So I've got your most
14  recent note, and it reads based on our thorough review of all
15  the material by all jurors and active discussion among all
16  jurors, we cannot reach a unanimous decision.  Your guidance
17  would be greatly appreciated.  And it's signed by your
18  foreperson.
19              So let me just say a few things.  As you know, the
20  case was carefully tried by the parties, and it is eminently
21  desirable that you reach a unanimous verdict if you can do
22  that without any juror violating his or her individual
23  conscience and judgment.
24              Let me suggest just a few things to you which you
25  may want to consider in your deliberations, and then I'm going

1  to ask you to go back and continue with these thoughts in
2  mind.
3              Nothing about these thoughts are meant to exclude
4  from your consideration the evidence in the case or the
5  instructions that I previously gave you.  As I told you when I
6  charged you originally, your verdict must be based on the
7  evidence that was presented at the trial and on the law as I
8  gave it to you in the instructions.  Now, as you know, this
9  case is important for all the parties.  It involved time and
10 effort to prepare on both the Government's part and the
11 defendant's part, as well as the Court's time and, of course,
12 as well as your time serving on this jury.  If you don't agree
13 on a verdict, what happens is the case remains undecided.
14 There's no reason to believe that the case will be tried any
15 better or more exhaustively at some future date than it has
16 been tried before you, and there's no reason to believe that
17 the case will ever be submitted to 12 jurors are more
18 intelligent, more impartially chosen, or more competent to
19 decide the case than you.
20             As I said, it is desirable to reach a verdict if you
21 possibly can do that.  Of course, in pointing out the
22 desirability of reaching a verdict and your duty to do that if
23 you possibly can, I am not suggesting that any one of you
24 should surrender a conscientious belief as to where the truth
25 lies or as to the weight and effect of all of the evidence

1    just to reach a verdict.  However, while each of you must
2    decide this case for yourself and not merely give in to the
3    conclusions of your fellow jurors, I do think that you should
4    examine the issues with candor and frankness, and with the
5    proper deference and regard for the opinions of your fellow
6    jurors, which is what I told you in the original jury
7    instructions.  Please listen to each other's views and don't
8    hesitate to change your opinion if you conclude that you were
9    wrong or that another juror is correct.  Again, that does not
10   mean that you should give up any conscientiously-held views
11   that I have.
12              In the end, each of you must make your own decision,
13   but it's your duty, after full deliberation here, to agree, if
14   can you do that without violating your individual conscience
15   and judgment.  Of course, if after some further deliberation,
16   you conscientiously believe that you're unable to reach a
17   unanimous verdict, we will respect that decision.  So I'm
18   going to ask you to work a little bit longer in that spirit,
19   and in the atmosphere that I've just suggested to you.
20              So I do appreciate your conscientiousness with
21   regard to this case, and I'm going to ask you to resume
22   deliberations.  Thank you so much.
23              THE COURTROOM DEPUTY:  All rise.
24              (Jury exits the courtroom.)
25              THE COURT:  Everybody can sit down.  All right.

1          So we'll give them, I think until 6:00 o'clock, and
2    then I'll let them go after that.
3          Anything else anybody wants to put on the record?
4          MR. PAULSEN:  No, Your Honor.
5          MR. FRISCH:  No.  Thank you.
6          THE COURT:  All right.  Thanks so much.
7          (A recess was taken.)
8          THE COURTROOM DEPUTY:  All rise.
9          THE COURT:  Everybody can sit.
10         (Time noted:  6:20 p.m.)
11         THE COURT:  All right.  So it's 6:20, and I think
12   I'm going to let them go for the night.
13         Anything anybody wants to put on the record?
14         MR. PAULSEN:  No, Your Honor.
15         MR. FRISCH:  No.  Thank you.
16         THE COURT:  All right.  Let's get the jury, please.
17         THE COURTROOM DEPUTY:  All rise.
18         (Jury enters the courtroom.)
19         THE COURTROOM DEPUTY:  You may be seated.
20         THE COURT:  All right, ladies and gentlemen.  I know
21   it's been a long day.  I'm going to excuse you for the
22   evening.  Donna tells me that you all get here at
23   9:00 o'clock, so if you want to get here at 9:00 o'clock and
24   start deliberating, you can do that if you want.  Very
25   impressive.  So I'm going to excuse you for the night, and

1   please, again, don't talk about the case, don't look anything
2   up, don't permit anybody to talk to you about the case.  But
3   have a restful night, and we'll see you tomorrow.  And if
4   9:00 o'clock works for you, it works for me.  All right.
5   Thanks so much.
6           THE COURTROOM DEPUTY:  All rise.
7           (Jury exits the courtroom.)
8           THE COURTROOM DEPUTY:  You may be seated.
9           THE COURT:  All right.  Anything before we break for
10  the night?
11          MR. PAULSEN:  No, Your Honor.
12          MR. FRISCH:  No.  Thank you.
13          THE COURT:  All right.  Thanks so much.
14          (Off the record.)
15          THE COURTROOM DEPUTY:  All rise.
16          (Alternate jurors enter the courtroom.)
17          THE COURTROOM DEPUTY:  You may be seated.
18          THE COURT:  My trusty group of alternate jurors.
19  Good afternoon, good evening.  I'm sorry, we had something
20  come up and it took a little while, longer than usual.  I
21  appreciate your patience.
22          I'm going to excuse you for tonight.  I'll see you
23  tomorrow morning.  The rest of the jurors are meeting at 9:00.
24  I think 9:30 is probably fine for you.  And again, I
25  appreciate your service and the careful attention you've paid

1   to the case.  Please don't look anything up on the internet or
2   talk to anybody about the case or permit anyone to talk to
3   you.  But have a restful night, and I'll see you tomorrow.
4   Thanks so much.
5           THE COURTROOM DEPUTY:  All rise.
6           (Alternate jurors exit the courtroom.)
7           THE COURT:  Okay.  Thanks everybody.  Sorry for the
8   senior moment.
9
10                    *     *     *     *     *
11          (Proceedings adjourned at 6:38 p.m. to resume on
12  March 30, 2023 at 9:30 a.m.)

*AVERY N. ARMSTRONG, RPR*
*OFFICIAL COURT REPORTER*

E X H I B I T S

| COURT | PAGE |
|---|---|
| 5 | 981 |
| 6 | 985 |
| 7 | 987 |

*AVERY N. ARMSTRONG, RPR*
*OFFICIAL COURT REPORTER*